## R. M. PAGE *et al.* v. THE STATE.

1. APPEALS FROM JUSTICES' TO COUNTY COURTS. — Being convicted in a justice's court of a misdemeanor punishable only by fine, the defendant appealed to the County Court, and duly executed his appeal-bond. When the case was called for trial in the County Court, the defendant, though personally absent, appeared by attorney and announced ready for trial; but the court refused to proceed with the trial, and adjudged the appeal-bond to be forfeited because the defendant was not personally present. *Scire facias* ensued, and judgment final was rendered against the appellant and his sureties. *Held*, that, the case against the defendant being a misdemeanor punishable by fine only, he had the right to appear by attorney, and the court below erred in refusing to proceed with the trial and in adjudging a forfeiture of his appeal-bond.

2. SAME — PRACTICE. — See the opinion *in extenso* for sundry provisions of the Code of Procedure affecting the foregoing ruling and the legal effect of appeal-bonds in such cases, as well as the proper practice in the enforcement of them.

APPEAL from the County Court of Gregg. Tried below before the Hon. L. G. JACKSON, County Judge.

The appeal in this case is taken by Page and his sureties from a judgment final for $100, rendered by the County Court upon their bond executed in furtherance of Page's appeal from his conviction in a justice's court of the offence of unlawfully carrying a pistol. The fine imposed on Page

in the justice's court was $25.    The material facts are indicated in the opinion.

*Taylor & Morrison*, and *C. L. Galloway*, for the appellants, filed an able brief and argument.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J.    The greatest difficulty presented by this appeal is in determining, from the different provisions of the Code of Procedure, what is the proper practice in the County Court on appeal from a judgment of conviction from a justice's or other inferior court to the County Court.    The provisions of law relating to the granting of new trials in the justice's courts are found in arts. 934 to 938, inclusive ; and by art. 939 it is provided that "when a defendant appeals from a judgment in a criminal action he shall give notice of such appeal in open court, and the justice shall enter such notice upon his docket."    Art. 940 provides that "when a defendant gives notice of an appeal, and files the appeal-bond required by law with the justice, all further proceedings in the case in the justice's court shall cease."    Here the authority of the justice in the case ends with the taking and approval of the appeal-bond, except what is required of him in sending up the case to the County Court, and until he shall be informed of the judgment of the appellate court.    The form of recognizance prescribed in art. 852, Code of Criminal Procedure, does not apply in case of appeal from the judgment of a justice of the peace to the County Court, but only to cases of misdemeanor from the judgment of the District or County Court.    Code Cr. Proc., art. 851.    In appeals from a justice's court to the County Court, in cases where the justice has authority to try, the matter is regulated and governed by other and different provisions of the Code.

In art. 854, the required action of the justice, and the

rights of the defendant with reference to the manner of perfecting an appeal from a judgment of a justice of the peace, are prescribed and laid down as follows: "Art. 854. In appeals from the judgments of justices of the peace and other inferior courts to the County Court, the defendant shall, if he be in custody, be committed to jail, unless he give bond, with good and sufficient security, to be approved by the court from whose judgment the appeal is taken, in an amount not less than double the amount of the fine and costs adjudged against him; *conditioned*, that he shall prosecute his appeal with effect, and shall pay such fine and costs as shall be adjudged against him by the County Court, as well as other costs that may have been adjudged against him in the court below." In art. 855 it is provided that, "if the defendant is not in custody, a notice of appeal shall have no effect whatever until the appeal-bond has been given and approved; and such appeal-bond shall in all cases be given within ten days after the judgment of the court refusing a new trial has been rendered, and not afterward." By art. 859 it is provided that "the rules governing the taking and forfeiture of bail-bonds shall govern appeal-bonds; and the forfeiture and collection of such appeal-bonds shall be in the County Court to which such appeal is taken." The articles herein set out at length, as well as some other articles set out in connection therewith, relate to the character of appeals we are now considering, whilst many other articles embraced in title 10, in which the articles quoted appear, have no reference to appeals from judgments of justices of the peace and other inferior courts to the County Courts, but relate to other and entirely different subjects. These features of the title will readily be seen by giving attention to the marginal references, and by reading the different articles of the Code in connection with the several provisions of the legislative enactments codified and rearranged by the codifiers. We apprehend that a failure to observe these peculiarities of title 10 of the Code of Criminal Procedure, on

the subject of appeals and writs of error, led the County Court into error in its rulings upon the present case.

Now, it is not questioned that, agreeably to the provisions of the Code, in all presentations for felonies the defendant must be personally present on the trial, or that he must likewise be present on the trial of all indictments or informations for misdemeanors when the punishment, or any part thereof, is imprisonment in jail. Code Cr. Proc., art. 596. Still, the Code also provides that " in all other cases of misdemeanor the defendant may, by the consent of the attorney representing the State, appear by counsel, and the trial may proceed without his personal presence." Art. 597. These articles relate to original trials, and generally to trials in the District or County Courts. The provisions of art. 597, which authorize the trial to proceed, with the consent of the attorney representing the State, in the absence of the defendant, has, we are of opinion, reference to an original proceeding, and not to a trial in the County Court on appeal, notwithstanding such cases are required to be tried *de novo* in the County Court. Art. 856. Hence we conclude that, the defendant having given the appeal-bond required by law, in substantial compliance with the provisions of art. 854, above set out, his personal presence at the trial of his case on appeal was not necessarily required by law, and that he had a right under the law to appear by his counsel ; and the court erred in refusing to permit the trial to so proceed, the defendant's counsel being present and proposing to represent him.

We are further of opinion that the court erred in proceeding to forfeit the appeal-bond, under this state of case, in the first instance. If the defendant, having given the appeal-bond required by law, had failed to appear either in person or by attorney, the court could have forfeited the appeal-bond and ordered *scire facias* to his sureties under the rules prescribed in art. 859. But where, as in the present case, the appellant was present by his attorney, the court

should have proceeded to a trial of the case *de novo*; and in the event of a judgment going against him in the County Court, and the judgment there being final (which would be the case when the fine imposed was too small in amount to entitle him to an appeal to this court, or if the judgment was against him in the County Court for any amount, and an appeal was not perfected within the time and in the manner prescribed by law), judgment should be entered against the defendant for the amount of the fine imposed in the County Court and for costs in both the County Court and in the justice's court, and the County Court would be further authorized to commit him to jail until fine and costs should be paid. If he chose to free himself from any of these consequences, it would be his duty to pay the fine and costs, which would be an end of the matter, the object of the appeal-bond being to secure the State in the fine and costs; and in the event of his not doing so promptly, then, but not until then, the appeal-bond could lawfully be forfeited and *scire facias* ordered, returnable to the next term of the court, against his sureties. And if, prior to the return of the *scire facias*, the defendant or his sureties should have paid the fine and costs adjudged against him in the County Court, as well as the costs of the judgment *nisi* and the *scire facias*, the fact, being set up, would be a sufficient answer to the *scire facias* to entitle him and his sureties to be discharged. But if, on the return of the *scire facias* served, these facts be not shown, and no other reason be shown to the contrary, judgment final should be rendered for the full amount of the appeal-bond, with costs.

Believing the court erred in the matter herein indicated, the judgment of the County Court will be reversed and the cause remanded.

*Reversed and remanded.*