## A. GUENZEL v. THE STATE.

### No. 2661. Decided April 13, 1904.

**1.—Appeal Bond—Jurisdiction.**

Where in an appeal from the justice court to the county court the appellant has given a defective appeal bond, he can not subsequently and before the expiration of the ten days allowed for an appeal, give another appeal bond, as the jurisdiction has passed to the county court.

**2.—Same—Appearance Not Sufficient.**

Where a party convicted in the justice court, and on appeal to the county court has executed a defective appeal bond, he can not give the latter court jurisdiction by submitting himself for trial and the appeal will be dismissed.

**3.—Same—Practice Suggested.**

The question as to whether the justice of the peace should have accepted and filed a second appeal bond, the first one being defective, was one which should have been passed upon by the county court upon mandamus or other proper writ.

Appeal from the County Court of Milam. Tried below before Hon. R. B. Pool.

Appeal from a dismissal of an appeal from the justice court.

No statement necessary.

*Wallace & Camp,* for appellant, cited Code Crim. Proc., arts. 889, 890, 891; Ward v. State, 38 Texas Crim. Rep., 545; Grant v. State, 8 Texas Crim. App. 432.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—It appears from the record that this case was originally tried in the justice court of Milam County, which resulted in the conviction of appellant for disturbing the peace. He undertook to appeal from that conviction to the county court and gave a bond, which we understand is conceded to be defective. Subsequently, and before the expiration of the ten days prescribed in article 890, Code of Criminal Procedure, appellant, with the same sureties, executed another appeal bond, in accordance with the prescribed forms, and tendered that to the justice to be filed as his appeal bond, which the justice refused. When the case was presented in the county court the State made a motion to dismiss. Appellant then urged that the second bond should be considered as a part of the record, and his appeal entertained on that bond. He also insisted that inasmuch as he appeared in the county court and there proposed to submit himself to the jurisdiction of said court for the trial de novo, that the county court had jurisdiction of him, and the case should not have been dismissed. With reference to appellant's last proposition we held that there are two ways to give the county court jurisdiction of an appeal from the justice court. One is, where the appellant

remains in the custody of the sheriff pending the appeal, and the record so shows; and the other is, where he presents and files within the prescribed time an appeal bond in accordance with the terms prescribed by law. When either course is pursued the county court has jurisdiction, and he can then make his appearance in that court for trial de novo.

The most material question here is, appellant's first appeal bond being defective, was he authorized to execute and file a subsequent legal appeal bond, within ten days after the judgment. It has been held that where an appeal bond has been given, it can not be subsequently amended; and furthermore, it has been held that where an appeal has been allowed in the court below, though no right of appeal existed in fact, but the proper steps to perfect the appeal from the court below had been taken, that the lower court lost jurisdiction to take any further steps in the case until further action taken by the court to which the appeal was taken. Ex parte Parsons, 78 S. W. Rep., 502. Here, after the judgment of conviction, appellant undertook to perfect an appeal by executing a bond. After this, presumably, he went at large, as he was authorized to do. The State could not reacquire jurisdiction of him in that court so as to afterwards compel him to give another bond; nor in our opinion could he afterwards subject himself to the jurisdiction of that court and execute another bond. If such should be the rule, then an issue might be presented in the appellate court as to what bond and what sureties would be responsible for appellant's appearance in the appellate court; and so great confusion might ensue as between the State and the sureties on the bonds filed. We accordingly hold that appellant having been enlarged on his original appeal bond it was not competent for him afterwards to subject himself to the jurisdiction of the court and give a new bond. The court had discharged him on his appeal bond; and the further disposition of the case was with the appellate court.

Another view might be taken of this question. The court below refused to receive and file his second appeal bond. If he was entitled to have that made a part of the record after the refusal of the court to file it, even if it be conceded that such a step could be taken, it was his duty to have resorted to the appellate court by writ of mandamus or some other remedy to have compelled the filing by the lower court of said appeal bond. However, we would not be understood as holding that the county court would have been authorized to have required the justice of the peace to have filed said bond, so as to constitute it a part of the record in the case. Accordingly we hold that the county court did not err in dismissing the appeal, and the judgment of the lower court is affirmed.

*Affirmed.*