14.

CHARLEY CHATFIELD v. THE STATE.

No. 14907.    Delivered March 2, 1932.

The opinion states the case.

*J. E. Atcheson,* of Crowell, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Upon complaint, appellant was charged and tried in the justice court for a simple assault, and a fine of $5 was imposed and all costs of the court on May 27, 1931. On said date judgment was rendered that he, the appellant, be remanded to the custody of the sheriff until the fine and costs were fully paid.

Appellant filed in the justice court an appeal bond on June 9, 1931. A proper transcript from the justice court was made and filed in the county court. When the term of the county court came on, the state moved to dismiss appellant's appeal because appellant's appeal bond was not filed within the time allowed by law. This motion was sustained and the county court dismissed the appeal. Appellant made a motion to set aside this dismissal, which was overruled, and he gave notice of appeal to this court.

Article 833, C. C. P., provides that, in appeals from the judgment of justice of peace and corporation courts, the defendant shall, if he be in custody, be committed to jail unless he give bond with sufficient security to be approved by the court from whose judgment the appeal is taken, etc.

Article 834, C. C. P., provides: "In appeals from justice and corporation courts, when the appeal bond provided for in the preceding article has been filed with the justice or judge who tried the case, the appeal in such case shall be held to be perfected. No appeal shall be dismissed

because defendant failed to give notice of appeal in open court, nor on account of any defect in the transcript."

Article 836, C. C. P., provides: "If the defendant is not in custody, a notice of appeal shall have no effect whatever until the required appeal bond has been given and approved; and such appeal bond shall, in all cases, be given within ten days after the judgment of the court refusing a new trial has been rendered, and not afterward."

The record shows that after the appellant's appeal in the county court had been dismissed, that the appellant by his counsel requested the court that he be permitted to introduce evidence to prove that the said appeal bond, made and approved on the 9th day of June, 1931, was within the required statutory time. This request was refused and this action by the county court is assigned as error. The evidence which the appellant offered to prove is shown by the record substantially as follows: "The following proof the defendant was able and would have offered was as follows, to-wit: That on the 30th day of May, 1931, the third day after May 27, 1931, when this defendant was convicted of an offense of a simple assault in the justice court, precinct No. 1, Foard County, Texas, when the other combatant was fined, upon a plea of guilty to fighting, when the defendant's attorney appeared in said court on said day and asked for a new trial, which was overruled, in open court and at the same time and in open court gave notice of appeal from said court to the County Court of Foard County, Texas, that the same was not more than ten days from the date he gave notice of appeal to the date of the filing an approval of the appeal bond dated June 9, 1931."

This court, speaking through Judge Henderson in Guenzel v. State, 47 Texas Crim. Rep., 111, 80 S. W., 371, used the following language: "There are two ways to give the county court jurisdiction of an appeal from the justice court. One is where the appellant remains in the custody of the sheriff pending the appeal, and the record so shows; and the other is where he presents and files within the prescribed time an appeal bond in accordance with the terms prescribed by law."

There is nothing in the record, nor is there anything in appellant's motion, that shows, or tends to show, that the appellant remained in the custody of the sheriff pending the appeal. The only question then remaining is: Did the appellant file within the prescribed time an appeal bond in accordance with the terms prescribed by law?

Article 911 of the Code of Criminal Procedure provides: "A justice may, for good cause shown, grant the defendant a new trial, whenever such justice shall consider that justice has not been done the defendant in the trial of such case."

Article 912, Code of Criminal Procedure, provides: "An application for a new trial must be made within one day after the rendition of judg-

ment, and not afterwards; and the execution of the judgment shall not be stayed until a new trial has been granted."

The proof appellant was able and would have offered showed that the defendant was convicted on May 27, 1931, and that on the 30th day of May, 1931, the third day after such judgment was entered, that the defendant's attorney appeared in said court and on said day asked a new trial. We think that article 912, C. C. P., is mandatory to the effect that a motion for new trial to be considered must be made within one day after the rendition of judgment, and not afterwards, and appellant not having made his motion within one day after rendition of judgment, the justice had lost all authority to set aside said judgment. The appellant, in order to have perfected his appeal, should have filed his appeal bond within ten days from the rendition of judgment on the 27th day of May, 1931, and having failed to do so, we hold that the county court did not err in dismissing the appeal.

The judgment of the lower court is affirmed.

*Affirmed.*

Morrow, P. J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.