

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
XXXXXXXXXSON
ATTORNEY GENERAL

Hon. W.E. Yancy
County Auditor
Tarrant County
Fort Worth, Texas

Dear Sir:
Opinion No. O-1759
Re: Under Article 1052, C.C.P., can
the county auditor legally with-
hold justice's fees on cases which
are appealed to county court, pay-
ing such fees only upon disposi-
tion of the cases by the county
court?

Your request for opinion upon the above question has
been received and considered by this department. We quote
from your letter as follows:

"Please give us an opinion from your Depart-
ment on the construction of Article 1052, Code
of Criminal Procedure relative to disposition
of fees to Justice of the Peace in criminal cases.

"Article 1052 reads in part as follows:

"'.... Two Dollars and fifty cents shall be
paid by the county to the Justice of the Peace
for each criminal action tried and finally dis-
posed of before him'....

"The point we are interested in is: whether
or not the county auditor can legally withhold
justice fees on cases which are appealed to the
County Court, paying such fees only upon disposi-
tion of the cases by the County Court. The au-
thority of the county auditor of course, to with-
hold such fees pending disposition by the County
Court depends upon the construction and meaning
of the term 'disposed of before him' and whether
or not a case is finally disposed of when the
case is appealed to the County Court.

"We have been taking the position that 'finally
disposed of before him' does not mean that the cases

are finally disposed of before the justice of
the peace where an appeal has been made to the
County Court."

Opinion No. O-616 of this Department, written by Hon.
Ardell Williams, Assistant Attorney General, holds that Article
1052, Code of Criminal Procedure of Texas, provides that the
Justice of the Peace shall receive $2.50 in all counties hav-
ing a population in excess of 20,000 inhabitants and $3.00 in
all counties having a population of 20,000 inhabitants or less
for each criminal action tried and finally disposed of before
him, such fees to be paid by the county when such claims are
filed in compliance with Article 1052, C.C.P., and that it is
immaterial whether the defendant who is convicted in such
criminal action pays his fine and costs or works his fine and
costs out on the county farm, public roads or other public
works of the county, or satisfies such fine and costs by stay-
ing in jail a sufficient length of time to discharge his fine
and costs.

Article 833, Code of Criminal Procedure of Texas, reads
as follows:

"In appeals from the judgments of justice or
corporation courts, the defendant shall, if he
be in custody, be committed to jail unless he
give bond with sufficient security, to be approv-
ed by the court from whose judgment the appeal is taken,
in an amount not less than double the amount of fine
and costs adjudged against him, payable to the State
of Texas; provided said bond shall not in any case
be for a less sum than fifty dollars. Said bond shall
recite that in said cause the defendant was convicted
and has appealed, and be conditioned that the defend-
ant shall make his personal appearance before the
court to which the appeal is taken instanter, if
said court be then in session; and if said court be
not in session, then at its next regular term,
stating the time and place of holding the same, and
there remain from day to day and term to term, and
answer in said cause in said court."

Article 834, Code of Criminal Procedure of Texas, reads
as follows:

"In appeals from justice and corporation
courts, when the appeal bond provided for in the
preceding article has been filed with the justice
or judge who tried the case, the appeal in such
case shall be held to be perfected. No appeal

shall be dismissed because defendant failed to give notice of appeal in open court, nor on account of any defect in the transcript."

Article 836, Code of Criminal Procedure of Texas, reads as follows:

"If the defendant is not in custody, a notice of appeal shall have no effect whatever until the required appeal bond has been given and approved; and such appeal bond shall, in all cases, be given within ten days after the judgment of the court refusing a new trial has been rendered, and not afterward."

Article 837, Code of Criminal Procedure of Texas, reads as follows:

"In all appeals from justice and corporation courts to the county court, the trial shall be de novo in the county court, the same as if the prosecution had been originally commenced in that court."

Article 838, Code of Criminal Procedure of Texas, reads as follows:

"In appeals from justice and corporation courts, all the original papers in the case, together with the appeal bond, if any, and together with a certified transcript of all the proceedings had in the case before such court shall be delivered without delay to the clerk of the court to which the appeal was taken, who shall file the same and docket the case."

Article 911, Code of Criminal Procedure of Texas, reads as follows:

"A Justice may, for good cause shown, grant the defendant a new trial, whenever such justice shall consider that justice has not been done the defendant in the trial of such case."

Article 912, Code of Criminal Procedure of Texas, reads as follows:

"An application for a new trial must be made within one day after the rendition of judgment, and not afterward; and the execution of the

judgment shall not be stayed until a new trial
has been granted."

The case of Guenzel vs. State, 47 Cr. R. 111, 80 SW 371,
holds that where a defendant was convicted in justice court
and a defective appeal bond to the county court was given and
the defendant allowed to go free, he could not afterwards
within the ten days again subject himself to the jurisdiction
of the justice court and give another and sufficient bond, so
as to perfect his appeal; that an imperfect appeal bond from
justice to county court cannot be amended; that there are two
ways by which county court can acquire jurisdiction; one is
where defendant remains in the custody of the sheriff and the
record so shows and the other is where defendant gives a good
appeal bond.

The case of Chatfield vs. State, 47 SW 2nd 315, Texas
Court of Criminal Appeals, holds that where motion for new
trial is not made within one day after judgment, as required
by statutes, justice loses jurisdiction to set aside judgment
and that where defendant is not in custody, appeal bond must
be filed within ten days after judgment of the justice of the
peace. In this case the judgment of the justice court was en-
tered May 27, 1931, convicting the defendant. Appellant filed
his appeal bond on June 9, 1931 and transcript filed in the
county court, at the next term of the county court the State
moved to dismiss appellant's appeal because appellant's appeal
bond had not been filed within the time allowed by law. The
county court dismissed the appeal from which appellant appeal-
ed to the court of criminal appeals. The judgment of the
Court of Criminal Appeals was rendered March 2, 1932, about
ten months after the original conviction. The Court of Criminal
Appeals affirmed the judgment of the county court.

The case of Ex Parte Jones, 128 Cr. R. 380, 81 SW 2nd
706, Texas Court of Criminal Appeals, holds that, an appeal
to county court from justice court the complaint must be read
or waived, such plea must be entered as defendant sees fit,
evidence must be heard and verdict and judgment rendered in
accordance with law without regard to evidence, plea or manner
of conduct trial took in justice court.

As we view it, the purpose of Article 1052, supra, is
to provide compensation for the justice of the peace for his
services in disposing of criminal actions before him which are
final judgments insofar as his jurisdiction is concerned. If
the defendant is acquitted and the State's attorney makes the
proper certificate the justice is entitled to his fee. If the
defendant is convicted and no new trial be granted within the
time allowed by law, the judgment of conviction is final inso-

far as the jurisdiction of the justice court is concerned. If the defendant is convicted in justice court and appeals to county court by filing a defective bond and motion to dismiss appeal is granted in the county court and no appeal had therefrom to the Court of Criminal Appeals, or if the judgment of the county court in dismissing the appeal is affirmed by the Court of Criminal Appeals, the judgment in the justice court is valid and enforceable. The effect of such appeals was to delay the enforcement of and the collection of the final judgment of the justice court. As pointed out in opinion No. 0-616, supra, the justice of the peace's right to compensation from the county does not depend upon the collection or enforcement of the judgment but rather on the rendition of his final judgment.

You are, therefore, respectfully advised that it is the opinion of this Department that your question should be answered in the negative and it is so answered.

Yours very truly
ATTORNEY GENERAL OF TEXAS

By s/Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AW:wc

APPROVED DEC 13, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman