

# The Attorney General of Texas

March 1, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Patrick J. Ridley
County Attorney
Bell County
P. O. Box 474
Belton, Texas 76513

Opinion No. H-1130

Re: Construction of the Speedy Trial Act.

Dear Mr. Ridley:

You ask three questions about the application of the Speedy Trial Act to a trial de novo in county court following a conviction in justice or municipal courts. The justice and municipal courts have jurisdiction in misdemeanor cases where the fine does not exceed two hundred dollars. Code Crim. Proc. arts. 4.11, 4.14; see Penal Code SS 1.07(a)(14), 1.07(a)(21), 12.23. In appeals from these courts to the county court, "the trial shall be de novo in the trial in the county court, the same as if the prosecution had been originally commenced in that court." Code Crim. Proc. art. 44.17. A portion of the Speedy Trial Act, article 32A.02(4) of the Code of Criminal Procedure provides for dismissal of the complaint if the State is not ready for trial within "30 days of the commencement of a criminal action if the defendant is accused of a misdemeanor punishable by a fine only." You ask when the criminal action commences in cases of appeal to the county court for a trial de novo.

A defendant who appeals to the county court for a trial de novo has presumably had a speedy trial pursuant to article 32A.02 in the lower court. Article 32A.02 provides for a speedy trial, not a speedy appeal. However, the appeal from a municipal or justice court vacates the conviction and transfers the charge to the county court as if originally filed there. Code Crim. Proc. art. 44.17; McIntosh v. Watts, 5 S.W.2d 1003 (Tex. Civ. App. -- Waco 1928, no writ). The fact that the trial de novo is part of an appeal process should not exempt it from the speedy trial provisions, which apply to retrial following appeal as well as to the first trial. In our opinion, the trial de novo in the county court is subject to the requirements of article 32A.02.

The provisions of article 32A.02 describing the commencement of a criminal action do not provide an answer to your question. The Act provides that a criminal action generally commences when an indictment, information, or complaint against the defendant is filed, or when he is arrested to answer for the offense, if earlier. No information is required in the county court on

appeal from a justice court conviction, Kneedler v. State, 99 S.W.2d 605 (Tex. Crim. App. 1936), and a defendant arrested following trial in the lower court is arrested pursuant to a conviction and not to answer for the offense, see Code Crim. Proc. arts. 44.13, 45.51. The general rule thus does not apply to the case you inquire about. Exceptions for retrial following mistrial, an order granting a new trial, appeal, or collateral attack do not apply either. Code Crim. Proc. art. 32A.02, § 2(b). We therefore turn to the criminal code provisions governing the trial de novo to determine when the criminal action commences in county court.

The appeal to the county court is perfected when the defendant files a valid appeal bond. Code Crim. Proc. art. 44.14. At that point the judgment of the inferior court is superseded, and the county court acquires appellate jurisdiction. Deal v. State, 423 S.W.2d 929 (Tex. Crim. App. 1968); McNamara v. Druse, 26 S.W. 506 (Tex. Crim. App. 1894). The justice no longer has authority over the case, except to send it to the county court. Page v. State, 9 Tex. Ct. App. 466 (1880). Accordingly, we believe that the requirement of a speedy trial in cases involving a trial de novo begins when the defendant files a valid appeal bond.

You also inquire about the application of article 17.151 of the Code of Criminal Procedure to a defendant who has appealed to the county court. This provision states in part:

> Section 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:
>
> . . .
>
> (4) five days from the commencement of his detention if he is accused of a misdemeanor punishable by a fine only.

You inquire when the defendant's detention begins within this provision.

There are two ways to give the county court jurisdiction of an appeal from the justice court. Guenzel v. State, 80 S.W. 371 (Tex. Crim. App. 1904). The appellant can file an appeal bond, in which case he is freed from custody. Code Crim. Proc. art. 44.13; see art. 44.16; Chatfield v. State, 47 S.W.2d 315 (Tex. Crim. App. 1932). If this happens, he has not been detained and need not avail himself of the provisions of article 17.151. In the alternative, he can remain in the sheriff's custody. Burt v. State, 186 S.W. 770 (Tex. Crim. App. 1916); Guenzel v. State, supra. In this case, his detention begins when he is actually taken into custody following conviction. See Code Crim. Proc. arts. 45.43, 45.51. If the State is not ready for trial within five days from the beginning of this detention, he is to be released under the provisions of article 17.151, section 1.

You finally inquire about the amount by which article 17.151 requires the bail to be reduced. That provision states that the defendant must "be released either on personal bond or by reducing the amount of bail required . . . ." In our opinion, the bail must be reduced to an amount defendant can pay and thereby secure his release. The amount of reduction necessary to release the defendant will depend on the facts of each case. A token reduction of one dollar will not comply with this section's requirement that defendant "be released . . . by reducing the amount of bail required."

## S U M M A R Y

A trial de novo in county court following conviction in municipal or justice court is subject to article 32A.02 of the Code of Criminal Procedure, providing for speedy trials of criminal charges. The criminal action commences for purposes of article 32A.02 when the defendant files a valid appeal bond. The defendant's detention, for purposes of article 17.151 of the Code of Criminal Procedure begins when he is actually taken into custody following conviction in the municipal or justice court. The article 17.151 requirement that defendant "be released . . . by reducing the amount of bail" means that bail must be reduced to an amount he can afford to pay.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst