### J. BAKER v. THE STATE.

No. 4270.    Decided February 26, 1908.

1.—Simple Assault—Information—Filing.

Where upon trial for simple assault, the information was in proper form and filed, there was no error.

2.—Same—Charge of Court—Peace Officer.

Upon trial for aggravated assault upon a peace officer, the court correctly charged that if the jury believed from the evidence that the defendant was guilty of an assault upon the party injured but that defendant at the time did not know and had not been informed that the said person was an officer, to find defendant guilty of simple assault.

3.—Same—Charge of Court—Undisputed Fact.

Upon trial for aggravated assault upon a peace officer, there was no reversible error that the court instructed the jury that prosecutor was the deputy sheriff, this being an undisputed fact, and the verdict was for simple assault.

4.—Same—Charge of Court—Defense of Another.

Upon trial for aggravated assault where the evidence did not raise the issue that defendant was acting in defense of his companion, there was no error in not submitting this issue.

Appeal from the County Court of Scurry. Tried below before the Hon. C. R. Buchannon.

Appeal from a conviction of simple assault; penalty, a fine of $25. The opinion states the case.

*Thurmand & Sandusky,* and *Albert Walker,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of simple assault and his punishment assessed at a fine of $25.

Appellant filed a motion to quash the information in this case. The information is in proper form and was filed, according to the record in this case, in proper time.

The fourth ground of appellant's motion for a new trial complains that the court erred in the following: The defendant stands charged by information with the crime of aggravated assault, the grounds of aggravation being an assault upon a peace officer, while in the lawful discharge of the duties of his office; and the court erred in that part of his charge, wherein he submits the issue of simple assault, in that, there can be no simple assault arising from an assault upon a peace officer. That portion of the court's charge which relates to this phase is, as follows: "If you believe from the evidence that the defendant is guilty of an assault upon said W. N. Davis but that defendant at the time did not know and had not been informed that said Davis was an officer, then you will find defendant guilty of simple assault and assess his punishment, etc." This charge is correct.

The fifth ground of the motion complains that the court instructed the jury that prosecutor was a deputy sheriff of Scurry County. This fact was undisputed as far as the evidence in this case discloses. However, it is best, and proper for the court to submit these matters as a question of fact to the jury; but appellant was found guilty of simple assault, and this would not be a basis for reversal.

The sixth ground of the motion complains that the court did not charge the jury that defendant had a right to defend his companion Wolf, when the witness was struggling with him over a pistol. The evidence does not suggest this issue. The appellant told witness if he did not turn him loose he would kill him, the officer. The appellant's companion was not being tried.

We do not think there is any error in this record, and the judgment is affirmed.

*Affirmed.*