Loice McCallan v. The State.

No. 12417.   Delivered March 27, 1929.

174

The opinion states the case.

*Levens & Burks,* and *John L. Ratliff* of Lubbock, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was charged in the county court of Lubbock County with misdemeanor theft.

The judgment of conviction reads as follows: "10/2/28. Trial by Jury, Verdict of Guilty, 30 days in jail and $100.00 fine. J. H. Rhea, Foreman."

Arts. 783 and 784, C. C. P. (1925), read as follows:

Art. 783: "When the defendant is only fined the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid; or if the defendant be not present, that a capias forthwith issue, commanding the sheriff to arrest the defendant and commit him to jail until such fine and costs are paid; also, that execution may issue against the property of such defendant for the amount of such fine and costs."

Art. 784: "If the punishment is any other than a fine, the judgment shall specify it, and order it enforced by the proper process. It shall also adjudge the costs against the defendant, and order the collection thereof as in other cases."

This purported judgment fails to comply with the terms laid down by the statute for a judgment and is not such a final judgment as will support an appeal to this Court. The one exhibited above is in fact no judgment. For collation of authorities, see Vernon's C. C. P., Art 783 and notes. See also Donegan v. State, 89 Tex. Crim. Rep. 193.

Our State's Attorney has moved to dismiss the appeal because no final judgment was entered and for the reasons heretofore pointed out, such motion is granted and the appeal dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.