## EX PARTE LEONARD JONES

No. 17655. Delivered April 24, 1935.

The opinion states the case.

*J. A. Jost, Karl Strieber,* and *H. J. Putman,* all of San Antonio, for appellant.

*John R. Shook,* Criminal District Attorney, and *Jay Sam Levey,* Assistant Criminal District Attorney, both of San Antonio, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—From a judgment remanding appellant in a habeas corpus hearing, he appeals.

This appellant pleaded guilty before a justice of the peace in Bexar county to a misdemeanor charge of which said court had jurisdiction. Thereafter he gave proper bond for appeal to the county court of said county, which bond was approved and the case sent up, ultimately reaching County Court at Law No. 2 of said county. When called for trial therein appellant offered and wanted to plead not guilty, but was denied the right to so plead,—and a plea of guilty was entered for him by the judge of said court, and thereafter judgment entered reciting that appellant pleaded guilty. Article 520, C. C. P., provides that when the accused refuses to plead, the plea entered shall be not guilty. Upon this judgment appellant was taken in charge by the sheriff under the authority of a capias pro fine. He sued out a writ of habeas corpus in a district court of said county alleging the facts, and that the judgment so rendered was void. Upon hearing he was remanded, and brings this appeal. This court has jurisdiction of such appeal, the claim being that the judgment under which appellant was held by the sheriff, was void. Ex part Cox, 53 Texas Crim. Rep., 240; Ex parte Gregory, 20 Texas App., 210; Ex parte Duncan, 42 Texas Crim. Rep., 661, and many other authorities cited on page 113 of Harris' Annotated Constitution.

Our Constitution, article 5, section 16, in specific language provides that in all appeals from justice courts to county courts,

there shall be a trial de novo in the county court. Article 837, C. C. P. also says that in all appeals from justice and corporation courts to the county court, the trial in the latter court shall be de novo, the same as if the prosecution had been originally commenced in that court.

We recognize that courts of other states have held that he who pleads guilty in an inferior court is bound by that plea upon appeal to a superior court. See Holsclaw v. State, 114 Ind., 506, 17 N. E., 112; Stokes v. State, 122 Ark., 56, 182 S. W., 521; Lowe v. State, 111 Md. 1, 73 Atl., 637; City of Edina v. Beck, 47 Mo. App., 234; People v. Schulman, 216 App. Div., 814, 215 N. Y., 337; State v. Eckert, 212 Pac., 551, (Sup. Ct. Wash); State v. Dawn, 239 Pac., 279, (Sup. Ct. Idaho). In other jurisdictions the holding is to the contrary. See Holtman v. Com., 129 Ky., 710, 112 S. W., 851; Weaver v. Kimball, 59 Utah, 72, 202 Pac., 9; State v. Hedges, 67 Kan., 176, 72 Pac., 528; State v. Stevens, 139 Atl., 78, (Sup. Ct. Delaware); State v. Stafford, 26 Idaho, 381, 143 Pac., 528. In the case of State v. Eckert, supra, the opinion was by a divided court, and in the dissenting opinion of Judge Parker he quotes from State v. Bringgold, 40 Wash., 12, which holds that an appeal of a criminal case from a justice of the peace court to the superior court vests the superior court with jurisdiction to proceed in the case as if it had originally commenced in that court. That the superior court tries the case de novo, and pronounces such judgment as it deems the facts warrant. Many opinions of the Supreme Court of Washington are cited in this dissenting opinion which we think announce a correct proposition of law.

Without reviewing the statutes and constitutions of those states whose courts have held contrary to the view we entertain, we deem it only necessary to say that the language of our Constitution and statutes above quoted is so plain as to almost demand apology for an argument or any other citation. A trial de novo, literally is a trial from the beginning as if no former trial had been had. Each step taken necessary to the joining of the issue in the superior court,—just as in the lower, —must be gone through with in the superior court as if there had been no trial at all in the lower court. If we may be pardoned for saying so, the complaint must be read or waived, such plea entered as the accused sees fit, and the evidence must be heard, and the verdict and judgment rendered in accordance with law in the superior court, without regard to the evidence, plea or manner of conduct the trial took in the lower court. Shultz v. Lempert, 55 Texas, 273; Harrold v. Barwise, 30 S. W.,

498; San Saba Water C. & Imp. Dist. v. Sutton, 8 S. W. (2d) 319; Morton Salt Co. v. Wells, 35 S. W. (2d) 454. All of which means a trial in the county court of the entire case anew as if there had been no trial below. See Giles v. Shaw, 146 Okl., 28, 203 Pac., 1103. In Kirksey v. State, 58 Texas Crim. Rep., 188, Judge Davidson said when an appeal from conviction in justice court is taken to the county court the case shall be tried as if it had never been tried. Again in Martoni v. State, 166 S. W., 1169, the same great judge said that our statute provides that when conviction occurs in an inferior court and appeal is prosecuted to the county court, the trial in the county court shall be as if there had been no trial in the justice court.

The giving and approval of a proper bond for appeal in such case from the justice court to the county court frees the case from any aspect of review by the court to which the case is appealed other than to ascertain the sufficiency of the bond, and puts the accused before the county court to stand or fall, after his appearance there, upon the case made by the plea entered by him in the county court and the testimony there heard and the trial had, unaffected by what might have been the evidence heard or the plea entered in the justice court. We can not conceive any possible application of a rule under our Constitution and statutes other than as we have above outlined.

We see no necessity for reviewing the case of Ex parte De-Loche, 100 S. W., 923, cited by the State, and relied upon apparently in the action had in the trial court. What was there said by the judge of this court who wrote the opinion upon which such reliance is based, was obiter dicta. It is unquestionably true that a defendant who pleads guilty in a justice court may desire to test the law, or the complaint, or the punishment meted out,—by an appeal, but he might also wish to show that the plea had been improvidently entered either by him or some person for him, or that he had been wrongfully advised, or that he was not in fact guilty, or any one of many reasons that might actuate him in his appeal or trial in the county court—or for no reason save that he wished upon appeal to enter a plea of not guilty. Our statutes and Constitution do not guarantee one so appealing a trial de novo in part but entirely so, and to our minds it would be inconsistent to say that he might have such trial in any manner that he pleased except that having plead guilty in the justice court, he is bound again to plead guilty in the county court.

The judgment of the trial court remanding this appellant is reversed, and the judgment of the county court adjudging him

bound by his plea of guilty is held to be null and void, and appellant is ordered to be released upon his appeal bond made by him in his appeal from the justice court to the county court.

*Reversed and prisoner released.*