EX PARTE HERMAN LAGRONE.

No. 23133. Delivered April 25, 1945.
Rehearing Denied May 23, 1945.

The opinion states the case.

*Mat Davis, of Gilmer,* for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The record before us discloses that appellant was tried and convicted in the Justice Court of Upshur County upon a complaint charging him in due form with the offense of abusive language. From this judgment he prosecuted an appeal to the County Court where, on a trial de novo, he was again convicted and his punishment was assessed at a fine of $75.00 in addition to the costs of the prosecution. A commitment was issued by the Clerk of said court and placed in the hands of the sheriff of said county who, under and by virtue of said commitment, took appellant into custody and placed him in jail. He then applied to the Honorable Otis T. Dunagan, Judge of the District Court in and for said county, for a writ of habeas corpus. The writ was issued as prayed for. The sheriff attached to his responsive plea a copy of the commitment under and by virtue of which he restrained appellant of his liberty. Upon the hearing of the writ, appellant was remanded to the custody of the sheriff, and from this order he seeks to appeal to this court, bringing into review matters of procedure occurring in the trial court.

Since the fine imposed upon him in the County Court was less than $100.00, this court would not have jurisdiction ·of the case in the event he sought to appeal direct from the judgment of the County Court. It is quite obvious that he is attempting, by means of a writ of habeas corpus, to have his case reviewed by this court, thereby substituting the writ of habeas corpus for the remedy of an appeal. It has long been the holding of this court that the writ of habeas corpus cannot be resorted to

in lieu of, or as a substitute for an appeal. In 21 Tex. Jur. p. 427, the rule is stated as follows:

· "It is settled also that the use of the writ will not be permitted as a substitute for appeal, error or certiorari."

See also Ex parte Bonds, 185 S. W. (2d) 984; Ex parte McCuistian, 131 Tex. Cr. R. 360; Ex parte Clinnard, 169 S. W. (2d) 181; Ex parte Minor, 172 S. W. (2d) 347; Ex parte Largent, 144 Tex. Cr. R. 592, and cases cited.          ,

Therefore, the judgment of the trial court remanding relator to the custody of the sheriff until such time as the judgment of conviction shall have been fully satisfied is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a motion for rehearing in this cause insisting that this court has jurisdiction of the matter because his ex parte proceeding is an attack upon a judgment in the County Court based upon a complaint which was not accompanied by the filing of the required information. This case originated in the justice court. An information is not required there. When the case is appealed from the justice court to the county court the latter court has jurisdiction without the information which is required in a case filed by complaint in the county court. The record was stated clearly in the original opinion and that forms the basis for the holding that it is an attempt to bring to this court a case wherein the fine imposed does not give jurisdiction on appeal. The cases cited by appellant have no application.

Furthermore, in his motion for rehearing appellant sets up matters of fact which are not found in the record. This court does not consider questions of fact, nor does it entertain appeals for the purpose of satisfying and settling matters of dispute which arise between parties, interested or disinterested, in and about the court house. If appellant's attorney is embarrassed by reason of the fact that he agreed that the motion for new trial in the County Court should be overruled and that judgment be entered by the District Court denying relief, in order to settle

some matters in the case, this court will not relieve his embarrassment. He should be bound by his agreements in court.

The original opinion properly disposed of the case. The motion for rehearing is overruled.