## Ex Parte Jack Leachman.

No. 23467. Delivered February 5, 1947.

*Wade, Ford, Duke* and *Melton,* and *A. S. Baskett,* all of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Upon original submission of this cause it was stressed in

oral argument that the purported judgment under which relator was held was a "floating" judgment, in that it was not to become final except upon the happening of a subsequent contingency. The appeal was disposed of upon that question. In his motion for rehearing it is made clear that the purported judgment was not only attacked upon the point mentioned, but also upon the proposition that it was in fact no judgment at all. We now address ourselves to that question.

The only thing claimed to be a judgment is as follows: "This day came on to be heard for hearing this cause: the defendant plead guilty and was fined one hundred dollars," which entry was signed, "Frank C. O'Brien.' He was judge of the Corporation Court, but the signature does not show his official position.

We quote Arts. 782, 783 and 784 of the C. C. P. as follows: "The judgment in a misdemeanor case may be rendered in the absence of the defendant."

"When the defendant is only fined the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid; or if the defendant be not present, that a capias forthwith issue, commanding the sheriff to arrest the defendant and commit him to jail until such fine and costs are paid; also, that execution may issue against the property of such defendant for the amount of such fine and costs."

"If the punishment is any other than a fine, the judgment shall specify it, and order it enforced by the proper process. It shall also adjudge the costs against the defendant, and order the collection thereof as in other cases."

Art. 917 C. C. P. reads as follows:

"The judgment, in case of conviction in a criminal action before a justice of the peace, shall be that the State of Texas recover of the defendant the fine and costs, and that the defendant remain in custody of the sheriff until the fine and costs are paid; and that execution issue to collect the same."

Art. 62 C. C. P. is as follows:

"The corporation court in each incorporated city, town or village of this State shall have jurisdiction within the corporate

limits in all criminal cases arising under the ordinances of such city, town or village, and shall have concurrent jurisdiction with any justice of the peace in any precinct in which said city, town or village is situated in all criminal cases arising under the criminal laws of this State, in which punishment is by fine only, and where the maximum of such fine may not exceed two hundred dollars, and arising within such corporate limits."

The article last above quoted is Section 2 of an Act of the Legislature in 1899, found in General Laws of Texas, Vol. 11, at page 40. (Gammel's). Many provisions of said Act are found under Title 11, C. C. P., under the heading "Corporation Courts;" Article 872 C. C. P. providing:

"The governing body of each incorporated city, town or village shall by ordinance prescribe such rules, not inconsistent with any law of this State, as may be proper to enforce, by execution against the property of the defendant, or imprisonment of the defendant, the collection of all costs and fines imposed by such court, and shall also have power to adopt such rules and regulations concerning the practice and procedure in such court as said governing body may deem proper, not inconsistent with any law of this State. All such fines shall be paid into the city treasurer for the use and benefit of the city, town or village."

Section 6 of the Act of 1899 provides that:

"All rules of pleading, practice and procedure now established for the county court shall apply in said corporation court * * *"

It will be observed that the purported judgment here involved does not comply with either the requisites of a judgment in the county court or justice court in that the defendant was not committed to jail, nor to an officer until the fine and costs were paid, nor did it direct that the city recover of the defendant the fine and costs, and that he remain in custody of an officer until the fine and costs were paid.

By reason of such omissions from the purported judgment appellate contends that it was no judgment at all. As supporting his contention we are cited to the following authorities. Art. 783 C. C. P.; McCallan v. State, 15 S. W. (2d) 1049; Donegan v. State, 230 S. W. 166; Caskey v. State, 108 S. W. 665; Traylor v. State, 106 S. W. 142; Braden v. State, 14 Tex. App. 22; Want v. State, 14 Tex. App. 24; Cain v. State, 15 Tex. App. 41; Roberts v. State, 3 Tex. App. 47.

148

We are not unmindful of the opinion of this court in Muckenfuss v. State, 55 Tex. Cr. R. 216, 117 S. W. 853, which might be thought in conflict with the foregoing cases. The Muckenfuss case appears to rely on Harris County v. Stewart, 91 Texas 133. This case was decided before the legislative act of 1899. The attack on the judgment in the Muckenfuss case was regarded as a collateral attack it seems because we find the following language in the opinion: "It is possible that if the enforcement of that judgment had in these cases been resisted, that some further and more formal entry might have been demanded."

In the present case the enforcement of the purported judgment was being resisted and was under direct attack as not being such a judgment as would support enforcement under the capias pro fine.

We are constrained to agree with the contention now made. The motion for rehearing is granted. Our former opinion is withdrawn and this opinion substituted therefor.

The judgment of the trial court remanding appellant is reversed and appellant ordered discharged.