EX PARTE ROBERT G. BARSTOW

No. 31,504. February 17, 1960

Appellant represented himself.

Dan Walton, District Attorney, *Samuel H. Robertson, Jr.* *Jack J. Rawitscher,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant, here, relator in the court below, was charged by complaint in the corporation court of the city of Hunters Creek, in Harris County, with a violation of the traffic laws of that city.

Upon trial, appellant was convicted and his punishment assessed at a fine of $25.

Appellant was arrested by virtue of a capias issued on that judgment. He did not appeal to the county court.

Appellant applied for and was granted the writ of habeas corpus by the judge of the County Court at Law No. 4 of Harris County, by which writ he sought his discharge from custody.

After hearing, the relief prayed for was denied. It is from that order that this appeal followed.

Appellant correctly recognizes that this court is limited to a determination as to whether the judgment and the capias issued thereunder is void, as distinguished from voidable.

It is claimed that the judgment of conviction is void because no formal judgment of conviction was entered, in compliance with the provisions of Art. 783, C. C. P.

The record shows that the only judgment entered was a docket entry, which reads as follows:

"Docket No. 1639, State of Texas versus Robert Gordon Barstow, offense, speeding, 50 miles an hour in a 40 mile zone, arresting officer, J. M. Schultea, trial date, July 6, 1959, judgment, found guilty, fined $25.00"

The conclusion is reached that the case of Ex parte Leachman, 150 Tex. Cr. R. 145, 199 S. W. 2d 661, is direct authority supporting appellant's contention, here, that the judgment against him and upon which the capias issued is void. In that

case the only judgment entered by the corporation court was as follows:

> " 'This day came on to be heard for hearing this cause: the defendant plead guilty and was fined one hundred dollars.' "

That entry was signed " 'Frank C. O'Brien,' " who was the judge of the corporation court.

The similarity between the two judgments is apparent.

In holding the judgment in the Leachman case void, this court said:

"It will be observed that the purported judgment here involved does not comply with either the requisites of a judgment in the county court or justice court in that the defendant was not committed to jail, nor to an officer until the fine and costs were paid, nor did it direct that the city recover of the defendant the fine and costs, and that he remain in custody of an officer until the fine and costs were paid."

The contention that the judgment was no judgment at all was sustained and Leachman was discharged.

Since appellant's arrest is predicated upon a void judgment, he is entitled to be discharged from custody. It is so ordered.