**William Charles LEWIS, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 4518.

Court of Civil Appeals of Texas.

Waco.

Oct. 20, 1966.

John L. Sandstedt, College Station, for appellant.

William R. Vance, Bryan, for appellee.

OPINION

McDONALD, Chief Justice.

This is a driver's license case. The Justice Court, Precinct 4, Brazos County, rendered judgment suspending appellant Lewis' driver's license for three months, finding he was an habitual violator of the traffic law. Lewis appealed to County Court of Brazos County. (Article 6687b, Sec. 22(c) Vernon's Ann.Civ.St.). That Court rendered summary judgment that *"defendant (Texas Department of Public Safety) be authorized to suspend (Lewis') Texas Operator's License No. 3181743 and driving privileges for a period of time not to exceed one year * * *."*

Lewis appeals, contending the trial court erred:

1) In effect finding he was an habitual violator within the meaning of Article 6687b, Sec. 22(b) V.A.T.S., because two of the alleged judgments of conviction are void.

2) In entering judgment authorizing the Department of Public Safety to suspend his license for a period of time not to exceed one year; such being violative of Article 6687b, Sec. 22(c).

Suspension of Lewis' driver's license was predicated on affidavit that Lewis had seven convictions in a 24 month period. Such affidavit was supported by "Notice of Conviction" forms furnished by the State Highway Department for the asserted convictions.

 The record affirmatively reflects *that the asserted judgments of conviction of September 16, 1963 and of February 29, 1964, both of which levied fines, did not conform to the requirement of Article 42.-15 Vernon's Ann.Code of Criminal Procedure,* which provides:

"When the defendant is only fined the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid; or if the defendant be not present, that a capias forthwith issue, commanding the sheriff to arrest the defendant and commit him to jail until such fine and costs are paid; also, that execution may issue against the property of such defendant for the amount of such fine and costs."

Such purported judgments by reason of such omission are no judgments at all; and are void. Ex parte Leachman, 150 Tex.Cr.R. 145, 199 S.W.2d 661; Ex parte Barstow, 169 Tex.Cr.R. 28, 331 S.W.2d 937; Tex. Dept. of Public Safety v. Richardson, Sup. Ct., 384 S.W.2d 128; Crow & Wallace v. Tex. Dept. Public Safety, Sup.Ct., 406 S.W. 2d 201.

 Without valid conviction on the two above dates, the finding of seven convictions in a two year period falls, and there remains no basis for suspension of appellant's driver's license.

 Further, the judgment of the trial *court did not suspend appellant's license* (as required by Article 6687b, Sec. 22(c), but authorized the Department of Public Safety "to suspend (Lewis') license for a period of time not to exceed one year." The trial court has no power to delegate its judicial function to the Texas Department of Public Safety. The judgment is void on its face.

Both appellant's contentions are sustained. The judgment is reversed and judgment rendered for appellant, setting aside suspension of appellant's driver's license.

Reversed and rendered.