**Phillip DEAL, Jr. and Herman Savage,
Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 41065.**

Court of Criminal Appeals of Texas.

Feb. 14, 1968.

Paxson & Santiesteban, Wellington Y. Chew, El Paso, for appellants.

Jack N. Fant, County Atty., Enrique H. Pena, Asst. Dist. Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

Appellants were convicted in separate trials on October 31, 1966, in the Corporation Court No. 2 of the City of El Paso for the offense of interfering with an officer in violation of Section 15–31, Chapter 15 of the City Code of the City of El Paso. Each appellant was fined the sum of $200.

From the judgments entered in the said Corporation Court each appellant prosecuted an appeal to the County Court at Law No. 1 of El Paso County, Texas.

In the said County Court at Law No. 1 each appellant filed an identical motion to dismiss his appeal on the ground that the judgment entered in his case in the said Corporation Court was void for failure to comply with Articles 42.15 and 45.50, Vernon's Ann.C.C.P.

Omitting the formal parts, the judgment entered in each case in the Corporation Court reads as follows:

"This case was called for trial on this the 31st day of October, 1966, and both parties announced ready for trial. The defendant plead nolo contendere to the accusation in the complaint and waived a trial by jury. The Court, having heard the evidence, is of the opinion that the defendant is guilty as charged. It is therefore ordered that the State of Texas, for the use and benefit of the City of El Paso, have and recover of the defendant, the sum of $200.00, and in default of payment, that the defendant be committed to the custody of the Chief of Police, City of El Paso, until said fine is paid. /s/ Sam W. Callan, Judge."

The Hon. George Rodriguez, Judge of the said County Court at Law No. 1, overruled the motion of each appellant to dismiss his appeal. Thereafter appellants an-

nounced ready in their respective cases and a trial de novo was had in each cause. See Articles 44.17 and 45.10, Vernon's Ann. C.C.P. Each appellant was fined $101, and it is from the judgment and sentence entered in each cause by the said County Court at Law that this appeal is prosecuted.

On appeal to this Court these two causes were consolidated. Four grounds of error are asserted by the appellants and all relate to Judge Rodriguez's refusal to grant the said motions to dismiss the appeals from the Corporation Court.

In contending the Corporation Court judgments do not meet the requirements of Articles 42.15 and 45.50, supra, the appellants advance the claim that such judgments do not appear to levy a fine, do not assess court costs, do not provide for execution to issue against the property of each appellant for the amount of the fine and costs, and do not state that a capias should issue commanding the Sheriff to arrest each appellant. In support of such claim or claims the appellants cite Ex parte Leachman, 150 Tex.Cr.R. 145, 199 S.W.2d 661 and Ex parte Barstow, 169 Tex.Cr.R. 28, 331 S.W.2d 937.

■ The judgments clearly reflect that a fine was imposed, and appellants obviously overlook the provisions of Article 45.07, Vernon's Ann.C.C.P., that no court costs can be collected by Corporation Courts. Further, Article 45.06, Vernon's Ann.C.C.P., provides that the governing body of each incorporated city, town or village shall by ordinance prescribe the method, not inconsistent with State law, of enforcing the collection of fines in Corporation Court by execution against the property of the defendant *or* by imprisonment of the defendant. A reading of the judgments clearly reflects that appellants were present, and in absence of a showing to the contrary, no necessity exists for the judgments to have required that a capias issue for the arrest of the appellants. Ex parte Leachman, supra, and Ex parte Barstow, supra, are clearly distinguishable on the facts and forms of the judgments entered.

Further, it should be remembered that this is not a collateral attack upon Corporation Court judgments which have become final and by which the appellants are presently restrained.

■ Be all of that as it may, we have carefully examined the judgments in question and find them sufficient to confer appellate jurisdiction on the said County Court at Law for the purpose of the trials de novo. By giving notice of appeal the appellants caused the Corporation Court judgments to be deprived of any finality, and they have been given, by virtue of their voluntary action, the trials de novo they requested. Other than stated, they do not complain of any action taken during the trials de novo.

The trial judge did not err in refusing to grant the motions to dismiss the appeals.

The judgments are affirmed.