Thomas King **TOMLINSON**, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY**, Appellee.

No. 413.

Court of Civil Appeals of Texas.

Corpus Christi.

June 6, 1968.

Sam S. Emison, Jr., Houston, for appellant.

Dunklin Sullivan, Asst. Atty. Gen., Austin, Lloyd G. Rust, County Atty., Wharton, for appellee.

## OPINION

GREEN, Chief Justice.

This is an appeal from a summary judgment rendered in a driver's license suspension case. From an order of a Justice of the Peace in Wharton County, Texas, dated July 13, 1967, adjudging appellant Thomas King Tomlinson to be an habitual traffic violator within the terms of Art.

6687b, Sec. 22(b) 4,[1] and ordering his driver's license suspended for one month, and the subsequent order of the Texas Department of Public Safety, hereafter called appellee or Department, appellant appealed to the County Court of Wharton County, Texas, praying for a trial de novo. Art. 6687b, Sec. 22(c) as amended, 1965; Texas Department of Public Safety v. Richardson, Tex.Sup.Ct., 384 S.W.2d 128. Both parties filed motions for summary judgment in the county court. Upon hearing had October 16, 1967, that court entered judgment denying appellant's motion, and granting that of Department, and expressly authorized Department to suspend appellant's driver's license for a period of one month. The case is now on appeal to this Court from such summary judgment.

Art. 6687b, Sec. 22(b) 4 reads:

"(b) The authority to suspend the license of any operator, commercial operator, or chauffeur as authorized in this Section is granted the Department upon determining after proper hearing as hereinbefore set out that the licensee:

\* \* \* \* \* \*

4. Is an habitual violator of the traffic law.

The term 'habitual violator' as used herein, shall mean any person with four (4) or more convictions arising out of different transactions in a consecutive period of twelve (12) months, or seven (7) or more convictions arising out of different transactions within a period of twenty-four (24) months, such convictions being for moving violations of the traffic laws of this state or its political subdivisions."

█ The Department, in its motion for summary judgment, relied upon a certified copy taken from its records of its notice to appellant of its order suspending his driver's license in response to the judg-

---

1. Article references are to Vernon's Ann.Tex.Civ.Stats. unless otherwise noted.

ment of the Justice court, and upon abstracts of judgments duly certified in accordance with the provisions of Art. 6701d, Sec. 152. These abstracts evidenced final conviction of appellant of moving traffic law violations in Texas in seven cases in which the dates of violation committed were given as April 5, 1965, July 20, 1965, May 28, 1966, July 26, 1966, September 7, 1966, November 9, 1966, and January 6, 1967. Such abstracts or notices of conviction are admissible in evidence and are prima facie proof of the matters stated therein, and when they were placed in the record on the hearing below as exhibits to appellee's motion, it became incumbent upon appellant to contradict or rebut the validity of the convictions and the suspension order. Art. 3731a; Texas Department of Public Safety v. Richardson, Tex. Sup.Ct., supra; Texas Department of Public Safety v. Miller, Tex.Sup.Ct., 386 S.W. 760, 763; Texas Department of Public Safety v. Casselman, Tex.Sup.Ct., 417 S. W.2d 146.

Appellant in his motion for summary judgment agreed and stipulated that he received tickets and paid fines on each of the occasions indicated in the exhibits to appellee's motion, but alleged further that at least three of the "Final Judgments" on which the Department relied were void on their face, and had no force and effect. Certified copies of said "void" judgments together with the complaints connected therewith were attached to appellant's motion.

Appellant's first point of error reads:

The trial court erred in granting Appellee's Motion for Summary Judgment and in denying Appellant's Motion for Summary Judgment, because three of the seven judgments of convictions relied upon by Appellee were void upon their face as a matter of law.

Appellee answered by its first Reply Point:

The trial court did not err in granting Appellee's Motion for Summary Judg-

ment because all of the judgments of conviction relied upon by Appellee were valid and even if three of the judgments were irregular, they cannot be attacked collaterally.

Appellant contends that the three "judgments" in question were void because they did not comply with the requirements of Art. 42.15, and Art. 45.50, Code of Crim. Procedure. These articles read as follows:

Art. 42.15

When the defendant is only fined the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid; or if the defendant be not present, that a capias forthwith issue, commanding the sheriff to arrest the defendant and commit him to jail until such fine and costs are paid; also, that execution may issue against the property of such defendant for the amount of such fine and costs.

Art. 45.50

The judgment and sentence, in case of conviction in a criminal action before a justice of the peace, shall be that the State of Texas recover of the defendant the fine and costs, and that the defendant remain in custody of the sheriff until the fine and costs are paid; and that the execution issue to collect the same.

The three "judgments" which appellant relies on as being void were those which purported to convict appellant for alleged offenses committed on July 20, 1965, September 7, 1966, and November 9, 1966. Two of these "judgments", as shown by appellant's exhibits, followed complaints filed in the court of Justice of the Peace F. C. Bremer in Fort Bend County, Texas. Each complaint charged appellant in legal terms with the offense of speeding, one on July 20, 1965, and the other on November 9, 1966. Each judgment exhibit is

headed at the top in large capital letters: TRANSCRIPT OF JUDGMENT FROM JUSTICE'S COURT-CRIMINAL, and this is followed by the words JUSTICE PRECINCT NO. 2, FORT BEND COUNTY, TEXAS, Floyd C. Bremer, J. P. They are each styled THE STATE OF TEXAS vs. Tomlinson, Thomas King, one being No. I-139 and the other No. K-315. The July 20th one shows that the complaint was filed 20 day of July, 1965, by G. D. Ward against Thomas King Tomlinson Charged with Speed 75/65; that Defendant plead Guilty, Commitment Issued (no date given), was fined $2.00 and $15.50 costs, that he paid $17.50 fine and costs, and was released 7/29/65. The itemized cost bill is on the left side of the instrument. This purports to have been signed by Floyd C. Bremer, J. P.

The other judgment from Judge Bremer's court, being No. K-315, resulting from the complaint filed on the November 9, 1966 offense, and headed as above, shows on its face that the complaint was filed November 9, 1966, by T. E. Webb against Thomas K. Tomlinson, charged with Speed 80/65, and that Defendant plead guilty by telephone, that he was found guilty, commitment issued (no date), that he was fined $20.00 and costs, and that he paid $20.00 fine and costs and was released December 8, 1966.[2] It was signed by F. C. Bremer, J. P.

The third "judgment" attacked by appellant is shown by appellant's exhibits to have followed a complaint duly filed on September 15, 1966 charging in legal terms Thomas King Tomlinson with speeding in Fort Bend County on or about September 7, 1966, signed and sworn to before Mrs. M. J. Wallis, Justice of the Peace, Fort Bend County, by one B. E. Peterson. While the "judgment" is not signed, there is a certificate on the reverse side executed by H. E. "Bert" Gubbels, Justice of the Peace, Precinct No. 1, Fort Bend County,

Texas, certifying that it "is a true and correct transcript of all the proceedings had in my Court in the cause of THE STATE OF TEXAS vs. Thomas King Tomlinson No. A-207 on the Criminal Docket of said Court, including a Bill of Costs accrued in said cause." The "judgment" shows the style of the case to be THE STATE OF TEXAS vs. Thomas King Tomlinson. It has the heading at the top TRANSCRIPT OF JUDGMENT FROM JUSTICE'S COURT-CRIMINAL, does not designate what precinct, but does show that the court is in Fort Bend County, Texas, is styled THE STATE OF TEXAS vs. Thomas King Tomlinson, No. A-207, shows that the complaint was filed Sept. 15th, 1966, made by Peterson against Thomas King Tomlinson charged with Speeding, that on 10-3 the defendant plead Guilty, Commitment Issued (no date), Fine $35.00 and costs, Paid $35.00 Fine and Costs, (no date) with the abbreviation Ck.

Appellant in support of his first point depends largely on opinions of the Court of Criminal Appeals in habeas corpus proceedings in which criminal punishments are sought to be avoided by attacks on purported judgments found to be 'void' because of failure to comply with appropriate statutes. Ex Parte Barstow, 169 Tex.Cr.R. 28, 331 S.W.2d 937; Ex Parte Leachman, 150 Tex.Cr.R. 145, 199 S.W.2d 661. But, as stated by the Supreme Court in Texas Department of Public Safety v. Casselman, 417 S.W.2d 146, on page 147:

"Cases in which criminal punishments or enhancements of criminal punishment are sought to be avoided by attacks in courts having criminal jurisdiction are not apposite here. This is not a criminal case but one to determine whether a party's privilege to drive a motor vehicle over the highways of Texas should be suspended in the interest of public safety. It may be that if a jail sentence were assessed because of the violation

---

2. No explanation of what disposition was made of defendant between trial date and payment of fine.

of a traffic safety rule, and a defendant could show upon the trial that he neither appeared in person nor by attorney, he could secure his release by writ of habeas corpus issued by a court of proper jurisdiction, but such circumstance does not bear upon the issue involved in a driver's license suspension case. * * * The judgments of conviction involved in this proceeding have not been attacked by motion for new trial, by appeal, bill of review, habeas corpus or other proceeding in a court having criminal jurisdiction.

"In habeas corpus cases, courts have quite generally referred to the attack as being collateral in nature and if successful, the judgment is said to be 'void'. This nomenclature has given rise to some misunderstanding. It has been said that a 'void' judgment is 'null within itself' and may be simply ignored. In Murchison v. White, 54 Tex. 78 (1880), it was said:

'It is believed that a careful analysis of the cases on this subject will show that, in a collateral proceeding, the only contingency in which the judgment of a domestic court of general jurisdiction, which has assumed to act in a case over which it might by law take jurisdiction of the subject matter and the person, can be questioned, is when the record shows *affirmatively* that its jurisdiction did not attach in the particular case. * * *'"

See, also, Harris County v. Stewart, 91 Tex. 133, 41 S.W. 650, 653; Muckenfuss v. State, 55 Tex.Cr.R. 216, 117 S.W. 853; Funderburk v. State, Tex.Cr.App., 64 S.W. 1059; 16 Tex.Jur.2d p. 719, Criminal Law, Sec. 484.

The opinion in Casselman proceeds to discuss the distinction between an attack on a judgment by way of habeas corpus proceedings and a collateral attack on a defective judgment from a court having jurisdiction of the cause in a civil proceed-

ing such as a driver's license suspension case, and then states, inter alia:

"Although the record supporting a judgment may carry the seeds of infirmity that prove fatal to the judgment when exposed upon a direct attack or in a habeas corpus proceeding, it cannot be said that any and all persons may ignore the judgment before it is pronounced invalid or void by proper authority. In this case, the County Judge was not considering a direct attack or conducting a habeas corpus hearing and was no more authorized to ignore the judgments of convictions than would a prison warden be justified in discharging a prisoner before the judgment convicting such prisoner had been declared invalid by a court of competent jurisdiction. There are proper methods and competent tribunals to accomplish the destruction of judgments, but a collateral attack in a proceeding such as this is not one of them."

See, also, Texas Department of Public Safety v. Richardson, Tex.Sup.Ct., 384 S.W.2d 128; Texas Department of Public Safety v. Miller, Tex.Sup.Ct., 386 S.W.2d 760.

The appellant also cites the case of Lewis v. Texas Department of Public Safety, Tex.Civ.App., 407 S.W.2d 855, n. w. h., as support for his contention. That opinion does not state any particulars wherein the purported judgments attempted to be used by the Department to have Lewis declared an habitual violator were defective. It was merely stated that "The record affirmatively reflects that the asserted judgments of conviction of September 16, 1963 and of February 29, 1964, both of which levied fines, did not conform to the requirement of Article 42.15 Vernon's Ann.Code of Criminal Procedure, * *" and concludes that such judgments were no judgments at all, and were void. We are not able to ascertain from these statements whether this holding is authority for appellant's contention here, but in so

far as this case may be contrary to our decision, if it is, we do not feel that it should be followed. The opinion cites in support of its decision Ex Parte Leachman, supra; Ex Parte Barstow, supra; and Crowe & Wallis v. Texas Department of Public Safety, Tex.Sup.Ct., 406 S.W.2d 201. We have already referred to *Leachman* and *Barstow*. In *Crowe*, the Court was confronted with an affidavit executed by the magistrate in whose court Crowe had been purportedly convicted which stated that there was *no record* in his court showing that Crowe had been convicted of a moving traffic violation. In distinguishing *Crowe* from the factual situation in *Casselman*, supra, the Supreme Court in *Casselman* stated: (p. 150 of 417 S.W.2d)

"* * * A statement purportedly taken from a non-existent record lacks probative force. This was made clear by our statement in Crowe that:

'These affidavits by the Judge show the absence of a record of any judgments as is required by Article 6701d, Section 152, V.A.C.S., and contradict the notices of conviction upon which the license suspensions by the Department were based; the presumption that such notices reflect judgments of a court is therefore destroyed. Cf. Texas Department of Public Safety v. Miller, 386 S.W.2d 760 (Tex.Sup. 1964).'

Our conclusion in Crowe was that since the prima facie presumption of conviction ordinarily established by the abstracts of judgment was destroyed; and such abstracts constituted the only evidence in the record relied upon to show that Crowe had been convicted, there was no competent evidence of such convictions, and hence the suspension order could not stand.

There is no conflict between Richardson and Crowe. The Crowe case turns upon the lack of a record of conviction as an evidentiary matter. The present cases are controlled by Richardson and judg-

ment is rendered as heretofore indicated."

■ Although the three judgments questioned by appellant may be irregular, we hold that they are not void, and the trial court properly held, by granting the summary judgment, that appellant could not attack them collaterally in this proceeding. Texas Department of Public Safety v. Miller, supra; Texas Department of Public Safety v. Richardson, supra; Texas Department of Public Safety v. Casselman, supra.

Appellant's first point of error is overruled.

Appellant's second point of error reads:

The trial court erred because its judgment did not suspend or revoke Appellant's license but only authorized the Appellee to suspend Appellant's license for a period of one month.

■ The judgment, in granting the Department's motion for summary judgment, authorized appellee to suspend appellant's driver's license for a period of one month.

Art. 6687b, Sec. 22(a) as amended by Acts 1965, 59th Legislature, effective August 30, 1965, and Acts 1967, 60th Legislature, effective August 28, 1967 (see 1967 Cumulative Pocket Part V.A.T.S. Vol. 19), which amendments were in effect at the time of the hearing on the summary judgment motions, provides with reference to the hearing before the Justice of the Peace or City Court:

"* * * Upon such hearing, the issues to be determined are whether the license shall be suspended or whether the license shall be revoked, and, in the event of a suspension, the length of time of the suspension, which shall not exceed one (1) year. The officer who presides at such hearing shall report the finding to the Department *which shall have authority to suspend the license for the length of time reported;* * * *" (Emphasis added.)

Sec. 22(b) provides that the *authority to suspend* the license "is granted the Department" upon the determination on the proper hearing (as set forth in 22(a)) that the licensee has qualified under one of the several sub-heads named to have his license suspended.

Sec. 22(c) as amended states, in part:

"In all appeals prosecuted in any of the courts of this state pursuant to Section 22(a) or section 31, such trials shall be de novo as that term is used and understood in appeals from Justice of the Peace Courts to County Courts. When such an appeal is filed and the court thereby acquires jurisdiction, all administrative or executive action taken prior thereto shall be null and void and of no force and effect, and the rights of the parties thereto shall be determined by the court upon a trial of the matters in controversy under rules governing the trial of other civil suits in the same manner and to the same extent as though the matter had been committed to the courts in the first instance and there had been no intervening administrative or executive action or decision. * * *"

Sec. 23 of said Article provides that "The Department shall not suspend a license for a period of more than one (1) year."

It is to be noted that both subdivisions (a) and (b) of Sec. 22 of Art. 6687b grant to the *Department* the *authority* to suspend the license after the necessary findings upon which to base such suspension have been made in the courts. The same is true as to Sec. 22(d) with reference to the recommendations of suspensions of provisional licenses. Subd. (b) of Sec. 22 speaks of the authority to suspend as authorized "in this Section", and clearly refers to all of Section 22, including (c). Although it is provided in (c) that upon appeal to the county court the trial shall be de novo, and all administrative or executive action taken *prior* thereto shall be null and void,* there is no indication that the authority granted to the Department after the necessary findings are made by the county court would be any less than the authority granted in (a) and (b) and (d). There is no provision in Section 22 expressly granting to the courts the right to suspend the license. Every reference to the actual suspension is expressly tied in to the authority of the Department, after the findings of the court have been duly made known to it.

Appellant again relies on Lewis v. Texas Department of Public Safety, supra, (407 S.W.2d 855, n. w. h.). We believe that this case is distinguishable on this point, since in *Lewis,* the judgment permitted the Department to fix the period of suspension, not to exceed one year. Under the provisions of Art. 6687b, Sec. 22, it was the duty of the court to fix such period, which the judgment in our case sets as one month.

The appellant in his statement and discussion under this point nowhere raises any objection to the period of time—one month—during which the trial court authorized the Department to suspend his driver's license. His only complaint under his statement and argument is that the county court, instead of suspending his license itself, only authorized the Department to do so. In our judgment, the trial court acted properly within the provisions of Art. 6687b, Sec. 22. Appellant's second point is overruled.

Judgment affirmed.

---

* Prior to the 1965 amendment to 22(c), the Texas Supreme Court had held that the suspension order of the Department is not nullified by the appeal to the county court, but is suspended pending the appeal. Texas Department of Public Safety v. King, Tex.Sup.Ct.1963, 366 S.W.2d 215, 219.