Ex parte Manuel **SANCHEZ**.

No. 46051.

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

Rehearing Denied Jan. 31, 1973.

William M. Porter, San Antonio, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from an order denying an application for a writ of habeas corpus.

On April 2, 1971, appellant was convicted in the Justice Court, Precinct No. 4, Blanco County, for speeding.

Appellant appealed his conviction to the County Court of Blanco County, and in the trial de novo in the County Court was again found guilty and fined $50.00 plus $35.00 court costs. Appellant filed motions for new trial and in arrest of judgment on June 17, 1971, which motions were overruled on June 21, 1971.

On June 25, 1972, the clerk of the Blanco County Court issued a capias pro fine

and on July 10, 1972, appellant was taken into custody by the Sheriff of Bexar County, wherein appellant resided. On the same day, July 10, 1972, appellant filed his petition for writ of habeas corpus in the 175th District Court of Bexar County.

On July 13, 1972, the County Attorney of Blanco County filed a motion to enter judgment nunc pro tunc in the cause, which judgment was entered on July 17, 1972. Appellant was served with a copy of the motion and a subpoena, but he did not appear in Blanco County Court.

The hearing on appellant's application for writ of habeas corpus was held in the 175th District Court on July 28, 1972, and the court on the same day denied the application from which order appellant now complains.

Appellant first contends that the Blanco County Court erred in failing to quash the information because appellant was charged with a speed of eighty miles per hour in a fifty-five mile per hour zone when the prima facie speed limit at night on any highway is sixty-five miles per hour and seventy miles per hour in the daytime.

■ Since the fine assessed against appellant in the County Court upon appeal from Justice Court was assessed at less than $100.00, the County Court judgment was final and no further appeal would lie. Article 4.03, Vernon's Ann.C.C.P. Habeas corpus proceedings cannot be substituted for a direct appeal to this Court when a misdemeanor conviction results in a fine not in excess of $100. Ex parte Lagrone, 148 Tex.Cr.R. 390, 187 S.W.2d 574; *see*

Ex parte Nichols, 158 Tex.Cr.R. 218, 254 S.W.2d 518.

■ Thus, when no further appeal is possible, and a cause comes before us on habeas corpus, this Court will not test the sufficiency of the complaint if there is a valid law under which the complaint could have been drawn for the acts charged. Ex parte Spencer, 171 Tex.Cr.R. 339, 349 S.W.2d 727; Ex parte Chaney, 131 Tex.Cr.R. 550, 101 S.W.2d 245; Ex parte Helton, 128 Tex.Cr.R. 112, 79 S.W.2d 139.

Art. 6701d, Sec. 167(a) authorizes the State Highway Commission to set prima facie speed limits not to exceed seventy miles per hour. Art. 6701d, Sec. 169(a and b) authorizes County Commissioner Courts and governing bodies of incorporated cities, towns and villages to alter prima facie speed limits on certain streets and highways so long as the speed limits set do not exceed sixty miles per hour.

■ The insufficiency of the complaint, if any, is not subject to attack by habeas corpus proceedings.

■ Appellant contends that the nunc pro tunc judgment entered in the County Court of Blanco County was void for failure to comply with Article 37.12, V.A.C.C.P.[1]

Article 37.12, V.A.C.C.P., applies when the court, on written request of the defendant, defers the judgment for good cause shown. There is nothing in the record to indicate that the court deferred entering the judgment in this cause. Appellant admits deferment of judgment was not requested.

1. Article 37.12, V.A.C.C.P., provides: "On each verdict of acquittal or conviction, the proper judgment shall be entered immediately. If acquitted, the defendant shall be at once discharged from all further liability upon the charge for which he was tried; provided that, in misdemeanor cases where there is returned a verdict, or a plea of guilty is entered and the punishment assessed is by fine only, the court may, on written

request of the defendant and for good cause shown, defer judgment until some other day fixed by order of the court; but in no event shall the judgment be deferred for a longer period of time than six months. On expiration of the time fixed by the order of the court, the court or judge thereof, shall enter judgment on the verdict or plea and the same shall be executed as provided by Chapter 43 of this Code . . . . "

Appellant's verified motion for new trial and arrest of judgment recites:

"Now comes the defendant, MANUEL SANCHEZ, in the above styled and numbered cause and moves the Court to grant him a new trial and set aside the verdict and Judgment heretofore *rendered against him on the 7th day of June, 1971,* for the following reasons . . . ." (emphasis added)

Thus, appellant's motion, dated June 14, 1971, recognized that judgment had been rendered against him on June 7, 1971.

The pertinent portion of Article 42.06, V.A.C.C.P., provides,

"If there is a failure from any cause whatever to enter judgment and pronounce a sentence, *the judgment may be entered and sentence pronounced at any subsequent time,* unless a new trial has been granted, or the judgment arrested, or an appeal has been taken." (emphasis added)

In Kazmir v. State, Tex.Cr.App., 438 S. W.2d 911, the entry of nunc pro tunc judgment came twenty-two months after rendition of judgment.

We reject appellant's contention that the court was in error in entering nunc pro tunc judgment after more than six months from date of conviction.

Lastly, appellant contends that "the Judgment of the Blanco County Court, if any, is wholly void because same was not entered in accordance with the requirements of Article 42.15, Vernon's Ann.Code of Criminal Procedure."

■ Appellant urges that the nunc pro tunc judgment "does not recite whether or not defendant was present and contains no order directing said defendant to be com-

mitted to jail, or that a capias issue." Prior to July 15, 1971, Article 42.15, V.A. C.C.P., provided:

"When the defendant is only fined the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid; or if the defendant be not present, that a capias forthwith issue, commanding the sheriff to arrest the defendant and commit him to jail until such fine and costs are paid; also, that execution may issue against the property of such defendant for the amount of such fine and costs."

Appellant relies on Lewis v. Texas Department of Public Safety, Tex.Civ.App., 407 S.W.2d 855; Ex parte Barstow, 169 Tex.Cr.R. 28, 331 S.W.2d 937 and Ex parte Leachman, 150 Tex.Cr.R. 145, 199 S.W.2d 661, cases where it was held that judgments which levied fines are void where they do not include recitation that the State recover of the defendant the amount of fine plus costs and that defendant be imprisoned until the fine and costs are paid. In the instant case, the judgment nunc pro tunc reflects that the "parties appeared and announced ready for trial," and "It is therefore considered, ordered and adjudged by the Court that the State of Texas do have and recover of the Defendant Manuel Sanchez, the said fine of $50.00 Dollars, and all costs of this prosecution. And execution may issue against the property of the said Defendant for the amount of such fine and costs."

Thus, appellant's complaint is that the judgment does not recite that he "be committed to jail until such fine and costs are paid."

· The United States Supreme Court, in Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 222, held that it was a denial of

equal protection to convert a fine to imprisonment for those who are unable to pay a fine. Tate v. Short, supra, was decided on March 2, 1971, and Article 42.15, V.A.C.C.P., was amended [2] effective June 15, 1971, eight days after judgment was rendered in the instant case, omitting the provision for commitment to jail until fine and costs are paid.

Unlike Ex parte Barstow, supra; Lewis v. Texas Department of Public Safety, supra, and Ex parte Leachman, supra, the judgment in the instant case provided that the State recover from the appellant the fine and costs. The foregoing cases are no longer authority that a judgment must contain an order directing that an accused be committed to jail or that a capias issue nor was such requirement the law when the nunc pro tunc judgment was entered in the instant case.

The order denying appellant's application for writ of habeas corpus is affirmed.

Opinion approved by the Court.

ROBERTS, Judge (concurring).

I concur in the result reached, but feel that disposition of appellant's allegations is wholly unnecessary. The majority concludes that habeas corpus proceedings cannot be substituted for a direct appeal to this Court when a misdemeanor conviction results in a fine not in excess of $100, unless the action is void on its face, and I would affirm the order on that ground alone.

ODOM, J., joins in this concurrence.

2. Article 42.15, as amended, provides:
   "(a) When the defendant is fined, the judgment shall be that the defendant pay the amount of the fine and all costs to the State.
   "(b) When imposing a fine and costs a court may direct a defendant:

   (1) to pay the entire fine and costs when sentence is pronounced; or
   (2) to pay the entire fine and costs at some later date; or
   (3) to pay a specified portion of the fine and costs at designated intervals."