IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-265-CR





THE STATE OF TEXAS,



 APPELLANT


vs.





CHRISTOPHER CAMPBELL,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY, 



NO. 33,700, HONORABLE HOWARD S. WARNER, II, JUDGE PRESIDING



 





PER CURIAM

 The State appeals an order of the county court at law dismissing this cause. Tex.
Code Crim. Proc. Ann. art. 44.01(a)(1) (Supp. 1991). The underlying offense is speeding. Tex.
Rev. Civ. Stat. Ann. art. 6701d §§ 166, 169B (1977).

 This cause originated in justice court, where appellee entered a plea of no contest. 
That court found him guilty and assessed a fine of $117.50. Appellee perfected his appeal to the
county court at law. Tex. Code Crim. Proc. Ann. art. 44.14 (1979). Appellee moved to dismiss
the cause in the county court at law on the ground that the judgment of the justice court did not
satisfy all the requisites of Tex. Code Crim. Proc. Ann. art. 42.01 (Supp. 1991). (1) By granting
the motion, the county court at law terminated the criminal action and effectively discharged
appellee from further prosecution. See State v. Eaves, 800 S.W.2d 220, 224 (Tex. Crim. App.
1990). We conclude that the county court at law erred by granting the motion to dismiss.

 The justice court judgment reads:



 On this the 4th day of February, 1991, came the Defendant's attorney, Ray
Green, who pleaded nolo contendere to the complaint herein, hand delivered or by
mail and waived trial by jury, and the Court having accepted the Defendant's plea
thereto, is of the opinion and finds that the Defendant is guilty of the offense of
Speeding 96/65, as charged in the complaint.


 IT IS, THERETO [sic], ORDERED, ADJUDGED AND DECREED by
the Court that the Defendant, Christopher C. Campbell, is guilty of the offense of
Speeding 96/65, that his punishment is set at a fine amount of $117.50, and that
the State of Texas do have and recover [from] the Defendant, Christopher C.
Campbell, the amount of said fine and all costs of this prosecution.



The judgment reflects that it was signed by the justice of the peace on February 26, 1991. 
Appellee contends that the judgment is defective because it does not reflect the date of the offense,
the date sentence was imposed, or the date sentence is to commence. Art. 42.01 (14), (17), (18).

 An appeal from the justice court to the county court at law is by trial de novo. 
Tex. Code Crim. Proc. Ann. art. 44.17 (Supp. 1991).



A trial de novo literally is a trial from the beginning as if no former trial had been
had. . . .


 The giving and approval of a proper bond for appeal in such case from the
justice court to the county court frees the case from any aspect of review by the
court to which the case is appealed other than to ascertain the sufficiency of the
bond . . . .



Ex parte Jones, 81 S.W.2d 706, 707 (Tex. Crim. App. 1935) (emphasis added). Appellee stood
before the county court at law as if the prosecution began in that court, unaffected by what might
have happened in the justice court. See Justices of Boston Municipal Court v. Lydon, 466 U.S.
294 (1984) (defendant who exercises right to trial de novo cannot assert insufficiency of evidence
at original trial as bar to trial de novo); Jones, 81 S.W.2d 706 (on trial de novo, defendant not
bound by guilty plea in justice court); Martoni v. State, 166 S.W. 1169 (Tex. Crim. App. 1914)
(judgment of conviction in corporation court inadmissible as evidence of guilt at trial de novo).

 By giving notice of appeal, appellee invoked his right to trial de novo and deprived
the justice court judgment of any finality. Deal v. State, 423 S.W.2d 929 (Tex. Crim. App.
1968). This distinguishes this cause from Ex parte Leachman, 199 S.W.2d 661 (Tex. Crim. App.
1947), on which appellee chiefly relies. Leachman was a collateral attack on a corporation court
judgment that had become final. The defendant sought to avoid enforcement of the judgment by
bringing a habeas corpus proceeding. Similarly distinguishable is Lewis v. Department of Public
Safety, 407 S.W.2d 855 (Tex. Civ. App. 1968, no writ). In Lewis, the defendant in a driver's
license suspension case collaterally attacked the validity of certain final traffic convictions, the
existence of which formed the basis for the suspension.

 In an ordinary appeal, the appellate court either affirms or reverses the judgment
of the trial court. In an appeal by trial de novo, the appellant is given an entirely new trial. 
Therefore, this cause is not controlled by those opinions holding that an ordinary appeal must be
dismissed in the absence of a valid judgment in the court below. See Savant v. State, 535 S.W.2d
190 (Tex. Crim. App. 1976); Richie v. State, 542 S.W.2d 422 (Tex. Crim. App. 1976).

 The judgment of the justice court was sufficient to confer appellate jurisdiction on
the county court at law for the purpose of the trial de novo. Deal, 423 S.W.2d at 931. The
county court at law erred by granting the motion to dismiss.

 The order dismissing the cause is reversed, and the cause is remanded to the county
court at law for further proceedings.

 

[Before Justices Powers, Jones and B. A. Smith]

Reversed and Remanded

Filed: November 27, 1991

[Publish]

1. [1]  A second ground for dismissal was alleged, but it was abandoned by appellee in the county
court at law and is not before us.