**The STATE of Texas, Appellant,**

v.

**Christopher CAMPBELL, Appellee.**

**No. 3–91–265–CR.**

Court of Appeals of Texas, Austin.

Nov. 27, 1991.

Rehearing Overruled Jan. 15, 1992.

Lucy Del Prado Dietz, Asst. Criminal Dist. Atty., San Marcos, for appellant.

E. Ray Green, San Marcos, for appellee.

Before POWERS, JONES and BEA ANN SMITH, JJ.

PER CURIAM.

The State appeals an order of the county court at law dismissing this cause. Tex. Code Crim.Proc.Ann. art. 44.01(a)(1) (Supp. 1991). The underlying offense is speeding. Tex.Rev.Civ.Stat.Ann. art. 6701d §§ 166, 169B (1977).

This cause originated in justice court, where appellee entered a plea of no contest. That court found him guilty and assessed a fine of $117.50. Appellee perfected his appeal to the county court at law. Tex.Code Crim.Proc.Ann. art. 44.14 (1979). Appellee moved to dismiss the cause in the county court at law on the ground that the judgment of the justice court did not satisfy all the requisites of Tex.Code Crim.Proc. Ann. art. 42.01 (Supp.1991).[1] By granting the motion, the county court at law terminated the criminal action and effectively discharged appellee from further prosecution. *See State v. Eaves*, 800 S.W.2d 220, 224 (Tex.Crim.App.1990). We conclude that the county court at law erred by granting the motion to dismiss.

The justice court judgment reads:

On this the 4th day of February, 1991, came the Defendant's attorney, Ray Green, who pleaded nolo contendere to the complaint herein, hand delivered or by mail and waived trial by jury, and the Court having accepted the Defendant's plea thereto, is of the opinion and finds that the Defendant is guilty of the offense of Speeding 96/65, as charged in the complaint.

IT IS, THERETO [sic], ORDERED, ADJUDGED AND DECREED by the Court that the Defendant, Christopher C. Campbell, is guilty of the offense of Speeding 96/65, that his punishment is set at a fine amount of $117.50, and that the State of Texas do have and recover [from] the Defendant, Christopher C. Campbell, the amount of said fine and all costs of this prosecution.

The judgment reflects that it was signed by the justice of the peace on February 26, 1991. Appellee contends that the judgment is defective because it does not reflect the date of the offense, the date sentence was imposed, or the date sentence is to commence. Art. 42.01(14), (17), (18).

An appeal from the justice court to the county court at law is by trial de novo. Tex.Code Crim.Proc.Ann. art. 44.17 (Supp. 1991).

A trial de novo literally is a trial from the beginning as if no former trial had been had. . . .

The giving and approval of a proper bond for appeal in such case from the justice court to the county court *frees the case from any aspect of review* by the court to which the case is appealed other than to ascertain the sufficiency of the bond. . . .

*Ex parte Jones*, 128 Tex.Crim. 380, 81 S.W.2d 706, 707 (1935) (emphasis added). Appellee stood before the county court at law as if the prosecution began in that court, unaffected by what might have happened in the justice court. *See Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984) (defendant who exercises right to trial de novo cannot assert insufficiency of evidence at original trial as bar to trial de novo); *Jones*, 81 S.W.2d 706 (on trial de novo, defendant not bound by guilty plea in justice court); *Martoni v. State*, 74 Tex. Crim. 64, 166 S.W. 1169 (1914) (judgment of conviction in corporation court inadmissible as evidence of guilt at trial de novo).

By giving notice of appeal, appellee invoked his right to trial de novo and deprived the justice court judgment of any finality. *Deal v. State*, 423 S.W.2d 929 (Tex.Crim.App.1968). This distinguishes this cause from *Ex parte Leachman*, 150

---

1. A second ground for dismissal was alleged, but it was abandoned by appellee in the county court at law and is not before us.

Tex.Crim. 145, 199 S.W.2d 661 (1947), on which appellee chiefly relies. *Leachman* was a collateral attack on a corporation court judgment that had become final. The defendant sought to avoid enforcement of the judgment by bringing a habeas corpus proceeding. Similarly distinguishable is *Lewis v. Department of Public Safety*, 407 S.W.2d 855 (Tex.Civ.App.1968, no writ). In *Lewis*, the defendant in a driver's license suspension case collaterally attacked the validity of certain final traffic convictions, the existence of which formed the basis for the suspension.

In an ordinary appeal, the appellate court either affirms or reverses the judgment of the trial court. In an appeal by trial de novo, the appellant is given an entirely new trial. Therefore, this cause is not controlled by those opinions holding that an ordinary appeal must be dismissed in the absence of a valid judgment in the court below. *See Savant v. State*, 535 S.W.2d 190 (Tex.Crim.App.1976); *Richie v. State*, 542 S.W.2d 422 (Tex.Crim.App.1976).

The judgment of the justice court was sufficient to confer appellate jurisdiction on the county court at law for the purpose of the trial de novo. *Deal*, 423 S.W.2d at 931. The county court at law erred by granting the motion to dismiss.

The order dismissing the cause is reversed, and the cause is remanded to the county court at law for further proceedings.