COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
| CHARLES TALLMON, | | No. 08-11-00141-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | County Criminal Court No. 1 |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20100C09869) |
| | § | |

**O P I N I O N**

Charles Tallmon appeals his conviction of disregarding a stop sign. *See* TEX.TRANSP.CODE ANN. § 544.010 (West 2011). We vacate the trial court's judgment and render a judgment dismissing the appeal from the justice court.

**FACTUAL SUMMARY**

An El Paso County Deputy Sheriff issued a citation to Appellant for failure to stop at a stop sign. Appellant holds a commercial driver's license (CDL) and was operating a non-commercial vehicle at the time of the offense. Consequently, he is not eligible to take a driver's safety course or receive deferred adjudication. *See* TEX.CODE CRIM.PROC.ANN. art. 45.0511(s)(1)(West Supp. 2012). Appellant filed a motion in the justice court challenging the constitutionality of the statute making him ineligible to receive deferred adjudication or to take a driver's safety course. Appellant also filed a written plea of *nolo contendere*. The record before us does not reflect that the justice court entered a judgment in this case. The official record of the justice court contains a form document titled "Judge's Trial Notes." Appellant's name, the justice court cause number, and the offense are set forth at the top of the form. The remainder of

the form contains sections concerning the defendant's plea, the judgment (guilty, not guilty, and deferred adjudication), failure to appear, and dismissal of the case. The justice court can enter the amount of the fine and court costs on the form and includes several lines on which the court can record notes about the case. The phrase "hold for a few days" is handwritten in this section. Just above the line for the judge's signature is the notation "(FINAL) JUDGMENT" and lines next to the words "Guilty," "Not Guilty," and "Dismissed" for the court to indicate the disposition of the case. The judge neither indicated the disposition nor signed the form. Despite the absence of a judgment, Appellant filed an appeal bond and the justice court forwarded a transcript of the case to the County Criminal Court No. 1 of El Paso County, Texas. The County Court at Law conducted a trial *de novo* and Appellant again challenged the constitutionality of the statute making him ineligible for deferred adjudication or to take a driver's safety course. The court found Appellant guilty of disregarding a stop sign and assessed a fine of $200. This appeal followed.

**JURISDICTION**

Appellant's sole issue on appeal is that Section 45.0511 of the Texas Code of Criminal Procedure violates his right to equal protection by prohibiting a holder of a commercial driver's license who is cited for a traffic violation while driving a non-commercial vehicle from obtaining a dismissal after successfully completing a driver's safety course. The State first argues that the county court at law did not have jurisdiction of the appeal from the justice court and should have dismissed the case because the justice court did not enter a judgment.

Appeals from a justice court must be heard in county court. TEX.CODE CRIM.PROC.ANN. art. 4.08 (West 2005)(providing that the county courts shall have appellate jurisdiction in criminal cases of which justice courts and other inferior courts have original

jurisdiction); TEX.CODE CRIM.PROC.ANN. art. 45.042 (West 2006)(providing that appeals from a justice or municipal court, including appeals from final judgments in bond forfeiture proceedings, shall be heard by the county court except in cases where the county court has no jurisdiction, in which counties such appeals shall be heard by the proper court).  County Criminal Court No. 1 of El Paso County is a statutory county court.  TEX.GOV'T CODE ANN. § 25.0731(a)(1)(8)(West Supp. 2012).  If the appeal is not taken from a court of record, the trial is *de novo*.  TEX.CODE CRIM.PROC.ANN. art. 45.042(b).

An appeal from the justice court is perfected when the appeal bond is filed with the justice or judge who tried the case not later than the 10th day after the date the judgment was entered.  TEX.CODE CRIM.PROC.ANN. art. 45.0426(a).  The appeal bond must recite that the defendant was convicted and has appealed.  TEX.CODE CRIM.PROC.ANN. art. 45.0425(b). Further, the bond must be in an amount not less than two times the amount of the fine and costs adjudged against the defendant.  TEX.CODE CRIM.PROC.ANN. art. 45.0425(a).  Thus, the existence of a valid and enforceable municipal court judgment is a prerequisite to confer appellate jurisdiction on a county court for the purpose of a trial *de novo*.  *Lipscomb v. Randall*, 985 S.W.2d 601, 607 (Tex.App.--Fort Worth 1999, pet. dism'd), *citing State v. Campbell*, 820 S.W.2d 44, 46 (Tex.App.--Austin 1991, pet. ref'd).

Appellant states in his brief that he was convicted in the justice court but the appellate record does not support this assertion.  The official record of the justice court transmitted to the County Criminal Court No. 1 does not reflect that the justice court entered a final judgment. Consequently, the County Criminal Court No. 1 did not have jurisdiction of the appeal.  We vacate the judgment of the County Criminal Court No. 1 and render judgment dismissing the appeal taken by Appellant from the justice court to the County Criminal Court No. 1.

September 26, 2012

_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)