COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 CHARLES TALLMON,
  
                                    
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                                     Appellee.
 
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-11-00141-CR
  
                          Appeal from
  
 County Criminal
 Court No. 1
  
 of El Paso County,
 Texas
  
 (TC # 20100C09869)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


                                                                  O
P I N I O N

 

            Charles Tallmon appeals his
conviction of disregarding a stop sign.  See Tex.Transp.Code
Ann.  § 544.010 (West 2011).   We vacate
the trial court’s judgment and render a judgment dismissing the appeal from the
justice court.

FACTUAL SUMMARY

            An El Paso County Deputy Sheriff
issued a citation to Appellant for failure to stop at a stop sign.  Appellant holds a commercial driver’s license
(CDL) and was operating a non-commercial vehicle at the time of the
offense.  Consequently, he is not
eligible to take a driver’s safety course or receive deferred adjudication.  See Tex.Code Crim.Proc.Ann. art.
45.0511(s)(1)(West Supp. 2012).  Appellant
filed a motion in the justice court challenging the constitutionality of the
statute making him ineligible to receive deferred adjudication or to take a
driver’s safety course.  Appellant also
filed a written plea of nolo contendere.  The record before us does not reflect that
the justice court entered a judgment in this case.  The official record of the justice court
contains a form document titled “Judge’s Trial Notes.”  Appellant’s name, the justice court cause
number, and the offense are set forth at the top of the form.  The remainder of the form contains sections
concerning the defendant’s plea, the judgment (guilty, not guilty, and deferred
adjudication), failure to appear, and dismissal of the case.  The justice court can enter the amount of the
fine and court costs on the form and includes several lines on which the court
can record notes about the case.  The
phrase “hold for a few days” is handwritten in this section.  Just above the line for the judge’s signature
is the notation “(FINAL) JUDGMENT” and lines next to the words “Guilty,” “Not
Guilty,” and “Dismissed” for the court to indicate the disposition of the
case.  The judge neither indicated the
disposition nor signed the form.  Despite
the absence of a judgment, Appellant filed an appeal bond and the justice court
forwarded a transcript of the case to the County Criminal Court No. 1 of El
Paso County, Texas.  The County Court at
Law conducted a trial de novo and Appellant
again challenged the constitutionality of the statute making him ineligible for
deferred adjudication or to take a driver’s safety course.  The court found Appellant guilty of
disregarding a stop sign and assessed a fine of $200.  This appeal followed.

JURISDICTION

            Appellant’s sole issue on appeal is
that Section 45.0511 of the Texas Code of Criminal Procedure violates his right
to equal protection by prohibiting a holder of a commercial driver’s license
who is cited for a traffic violation while driving a non-commercial vehicle from
obtaining a dismissal after successfully completing a driver’s safety course.  The State first argues that the county court
at law did not have jurisdiction of the appeal from the justice court and should
have dismissed the case because the justice court did not enter a judgment.

            Appeals from a justice court must be
heard in county court.  Tex.Code Crim.Proc.Ann. art. 4.08 (West
2005)(providing that the county courts shall have appellate jurisdiction in
criminal cases of which justice courts and other inferior courts have original
jurisdiction); Tex.Code Crim.Proc.Ann.
art. 45.042 (West 2006)(providing that appeals from a justice or municipal
court, including appeals from final judgments in bond forfeiture proceedings,
shall be heard by the county court except in cases where the county court has
no jurisdiction, in which counties such appeals shall be heard by the proper
court).  County Criminal Court No. 1 of
El Paso County is a statutory county court. 
Tex.Gov’t Code Ann. § 25.0731(a)(1)(8)(West
Supp. 2012).  If the appeal is not taken
from a court of record, the trial is de
novo.  Tex.Code Crim.Proc.Ann. art. 45.042(b).

            An appeal from the justice court is
perfected when the appeal bond is filed with the justice or judge who tried the
case not later than the 10th day after the date the judgment was entered.  Tex.Code
Crim.Proc.Ann. art. 45.0426(a).  The
appeal bond must recite that the defendant was convicted and has appealed.  Tex.Code
Crim.Proc.Ann. art. 45.0425(b).  Further,
the bond must be in an amount not less than two times the amount of the fine
and costs adjudged against the defendant. 
Tex.Code Crim.Proc.Ann. art.
45.0425(a).  Thus, the existence of a
valid and enforceable municipal court judgment is a prerequisite to confer
appellate jurisdiction on a county court for the purpose of a trial de novo. 
Lipscomb v. Randall, 985
S.W.2d 601, 607 (Tex.App.--Fort Worth 1999, pet. dism’d), citing State v. Campbell, 820 S.W.2d 44, 46 (Tex.App.--Austin 1991,
pet. ref’d).  

            Appellant states in his brief that
he was convicted in the justice court but the appellate record does not support
this assertion.  The official record of
the justice court transmitted to the County Criminal Court No. 1 does not
reflect that the justice court entered a final judgment.  Consequently, the County Criminal Court No. 1
did not have jurisdiction of the appeal. 
We vacate the judgment of the County Criminal Court No. 1 and render
judgment dismissing the appeal taken by Appellant from the justice court to the
County Criminal Court No. 1.

 

 

September 26, 2012                            _______________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)