ACCEPTED
12-15-00082-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/1/2015 3:20:06 PM
CATHY LUSK
CLERK

Case No. 12-15-00082-CR

**IN THE TWELFTH COURT OF APPEALS**

**TYLER, TEXAS**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/1/2015 3:20:06 PM
PAM ESTES
Clerk

**DAVID MARK DAVIS II,**

**Appellant,**

**VS.**

**THE STATE OF TEXAS,**

**Appellee**

On Appeal from the County Court at Law No. 1 of Angelina County, Texas

The Honorable Joe Lee Register, Presiding Judge

**Trial Cause No. 15-0290**

**REPLY BRIEF FOR APPELLANT**

David Mark Davis II
Appellant, *Pro Se*
905 N Loop 499, Unit 525
Harlingen, TX 78550
(936) 238-8507(T)
(936) 309-0060(F)
dmarkdavis2@gmail.com

*APPELLANT REQUEST ORAL ARGUMENT*

1

# Table of Contents

Table of Authorities…………………………………………………….. 2

Appellant's Response:

(1) Jurisdictional Matters……………………………………………… 3, 4, 5

(2) The State's Claim that "there was no arrest, no searches and no seizures" is wholly frivolous………….................................................. 5, 6

(3) The State's Challenge to the enforceability of Sections 38.04 and 38.06 of the Texas Penal Code…………………………………………… 7, 8

Prayer……………………………………………………………………..... 8

Certificate of Service………………………………………………….....… 8

Certificate of Compliance…………………………………..……….... 9

# Table of Authorities

**Cases**

*State v. Campbell*, 820 S. W. 2d 44 (Tex. App. Austin, 1992)………………... 5

*United States v. Mendenhall*, 446 U.S. 544, 554 (1980)……………………. 5, 7

*Delaware v. Prouse*, 440 U.S. 648, 650(1979)…………………………….... 5

*Whren v. United States*, 517 U.S. 806 (1996)…………………………………. 5, 6

*Brendlin v. California*, 551 U.S. 249 (2007)………………………………….. 5

**Texas Statutes**

Tex. Code Crim. Proc. Ann. art. 4.07………………………………………… 4

Tex. Code Crim. Proc. Ann. art. 27.14(d)………………………………….. 4, 5

Tex. Code Crim. Proc. Ann. art. 44.181(b)………………………………… 4

Tex. Pen. Code § 38.04……………………………………………………….. 6, 7

Tex. Pen. Code § 38.06……………………………………………………….. 6, 7

## Appellant's Response to State's Brief

On August 25, 2015, the State filed "*BREIF FOR APPELLEE*" in this cause.

Mr. Davis respectfully submits the following rebuttal to said response:

(1) Jurisdictional Matters

(2) The State's Claim that "there was no arrest, no searches and no seizures" is wholly frivolous.

(3) The State's Challenge to the enforceability of Sections 38.04 and 38.06 of the Texas Penal Code

### Issue 1

### Jurisdictional Matters

In Texas, a trial court only gains jurisdiction over a criminal proceeding when a complaint is filed. Texas law does have one exception to the requirement for a complaint. In a typical class C misdemeanor traffic case, where "written notice of an offense for which maximum possible punishment is by fine only or of a violation relating to the manner, time, and place of parking has been prepared, delivered, and filed with the court and a legible duplicate copy has been given to the defendant, the written notice serves as a complaint to which the defendant may plead "guilty," "not guilty," or "nolo contendere."" (Tex. Code Crim. Proc. Ann. art. 27.14(d) Emphasis Added.)

This is a Class C misdemeanor traffic case. As such, for the Municipal Court to have had jurisdiction over the case, either a complaint had to have been filed or there was compliance with the citation exception provided by Tex. Code Crim. Proc. Ann. art. 27.14(d). It is undisputed that no complaint was filed in the Municipal Court while the court had jurisdiction. Second, it is also undisputed that the State did not abide by Tex. Code Crim. Proc. Ann. art. 27.14(d) at the Municipal Court level. As such, the Municipal Court never had jurisdiction over this case.

Opposing counsel makes a big deal about filing an amended complaint after the fact in the County Court at Law and how he boast that cures the defect. However, I am lost as to where he draws his wisdom on this contention from. The State cannot fail to complete an essential task while the case was in the Municipal Court, but then try to retroactively remedy it on appeal. If Mr. Jones' theory is correct, he could forget to file information in a Class A case and when the

issue is raised on appeal in this court, he then files the information. The law simply doesn't work that way. If you fail to satisfy a jurisdictional element at one level, you can't remedy it later on when the cases are required to follow certain steps as they are in speeding cases (i.e. Municipal/Justice Court -> County Court at Law -> Court of Appeals -> Court of Criminal Appeals) The State has to follow established procedure, this is a mandate of the constitutional guarantees of due process.

In summary, it is uncontested that no complaint was filed in the Municipal Court. It is also uncontested that the State did not comply with the complaint exception of Tex. Code Crim. Proc. Ann. art. 27.14(d). Since neither of these things happened, the Municipal Court never had jurisdiction over this case. The plea, appeal bond, and other documents were filed in a non-existent case and because of that they are void for any legal purpose. Any argument that Mr. Davis waived complaint of the non-existent complaint in the Municipal Court also lacks merit. Further, for the Municipal Court to gain jurisdiction, either a complaint or a properly served citation under Art. 27.14(d) must have occurred. Since it is undisputed that neither occurred, case was never heard in the Municipal Court.

Mr. Jones' argument that the County Court at Law can't exercise original jurisdiction over a traffic case lacks is frivolous. Jurisdiction of the County Court at Law is covered by Article 4.07 of the Code of Criminal Procedure. Article 4.07 states that the County Court at Law *"shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed five hundred dollars."* See Tex. Code Crim. Proc. Ann. art. 4.07. While speeding cases are typically prosecuted first in the Municipal or Justice Court, no law gives exclusive original jurisdiction over speeding cases to the Municipal or Justice Court. As such, the County Court at Law can exercise both appellate and original jurisdiction over the criminal offense of speeding.

Bottom line, it goes undisputed that no complaint was filed in the Municipal Court nor did the State comply with the complaint exception of Tex. Code Crim. Proc. Ann. art. 27.14(d). No complaint or compliance with the complaint exception of Tex. Code Crim. Proc. Ann. art. 27.14(d) renders the Municipal Court without jurisdiction. The amended complaint filed in the County Court that Mr. Jones references was actually the original complaint since none was properly filed before that point.

4

The State's arguments toward CCP Article 44.181(b) and <u>State v. Campbell</u>, 820 S. W. 2d 44,( Tex. App. -Austin, rehearing overruled) are inapplicable to this case. Article 44.181(b) and <u>State v. Campbell</u> deal with trial de novo's in the County Court at Law, not original proceedings as is the case here.

**Conclusion**

The record is clear, the failure to file a complaint or comply with the exception under Art. 27.14(d) left the Municipal Court without jurisdiction. This case was not first initiated until the State filed the complaint titled "Amended Complaint" in the County Court at Law. The County Court at Law had original jurisdiction to hear this case. As such, the fact that the fine was $100.00 does not strip this Court of jurisdiction.

**Issue 2**

**The State's Claim that "there was no arrest,
no searches and no seizures" is wholly frivolous**

The State seems to argue that a routine traffic stop for speeding is not a seizure. This argument is out in left field. The precedent is well established that when the police cause the reasonable person to feel that they are not free to leave a police encounter, they have **seized** that person within the meaning of the Fourth Amendment. See <u>United States v. Mendenhall</u>, 446 U.S. 544, 554 (1980). For nearly half of a century, the Supreme Court a consistently held that a routine traffic stop is a seizure under the Fourth Amendment. In 1979, the Supreme Court held that "*[s]topping an automobile and detaining its occupants constitute a "seizure" within the meaning of U.S. Const. amends. IV and XIV, even though the purpose of the stop is limited and the resulting detention quite brief.*" <u>Delaware v. Prouse</u>, 440 U.S. 648, 650(1979). In 1996, the Supreme Court again held *"Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning within the meaning of the Fourth Amendment."* <u>Whren v. United States</u>, 517 U.S. 806 (1996). Even as recent as 2007, the Supreme Court has opined "*[w]hen a police officer makes a traffic stop, the driver of the car is seized within the meaning of the Fourth Amendment."* <u>Brendlin v. California</u>, 551 U.S. 249 (2007). Bottom line, the State's argument that no seizure has occurred runs completely afoul to long standing legal precedent.

5

**Officers Authority to Arrest or Detain**

The State claims that various laws allow a law enforcement officer to detain an individual who the officer witnesses committing a criminal offense. Mr. Davis does not dispute this contention. However, when the detention is challenged through a motion to suppress, as is the case here, the State has the burden to show the stop was supported by probable cause. *See* Whren v. United States, 517 U.S. 806 (1996). In the instant case, the State called no witnesses and presented no evidence to support the stop was reasonable. The attorney for the State who did not witness the alleged offense cannot justify a stop on behalf of the officer by claiming that the Officer's stop was reasonable. That is hearsay. The State had an affirmative duty to present testimonial or other evidence to support the stop, and it failed to do so.

**Conclusion**

Mr. Davis established that he was seized within the meaning of the Fourth Amendment when Officer Carroll conducted the traffic stop related to these proceedings. Had Mr. Davis fled the traffic stop, he would have been subject to evading arrest or escape charges. No reasonable person would feel free to leave an encounter where an officer pulls his patrol unit directly behind a vehicle and turns on his overhead lights. It is from this premise that Mr. Davis was not free to leave. Mr. Davis proved a prima facie case that said traffic stop violated the Fourth Amendment when the State conceded that the traffic stop occurred and it was conducted without a warrant. At that point, it was up to the State to call witnesses to justify the stop. The State presented zero evidence to support the traffic stop. The trial court abused its discretion when it denied Mr. Davis' Motion to Suppress under these circumstances. The State would not have been able to make a prima facie case had this evidence been excluded. It's for these reasons that this conviction cannot be allowed to stand and this Court must reverse and remand

**Issue 3**

**The State's Challenge to the enforceability of**
**Sections 38.04 and 38.06 of the Texas Penal Code**

The State implicitly challenges the enforceability of Sections 38.04 and 38.06 of the Texas Penal Code.

Section 38.04 of the Texas Penal Code governs evading arrest and detention. Said section holds:

> "*A person commits an offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him.*" Tex. Penal Code § 38.04 (a).

Section 38.04 of the Texas Penal Code governs escape. The relevant portion of this section holds:

> "*A person commits an offense if the person escapes from custody when the person is…under arrest for, lawfully detained for, charged with, or convicted of an offense.*" Tex. Penal Code § 38.06 (a) (1).

The State argues that *"there [were] no arrest[s], no searches and no seizures"* in this case. The caselaw defining when a person is seized is quite clear. The Supreme Court has applied the 'free to leave' test in determining whether a seizure within the meaning of the Fourth Amendment has occurred. See <u>United States v. Mendenhall</u>, 446 U.S. 544, 554 (1980). In *Mendenhall*, the high court held that "*a person has been "seized" within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.*" See <u>Mendenhall </u>*supra*. If a suspect is compelled to surrender to the authority of law enforcement, even for a brief period, he has been seized.

As previously referenced, Mr. Jones boldly asserts that *"there [were] no arrest[s], no searches and no seizures"* in this case. It goes uncontested that Mr. Davis was involuntarily detained by a Lufkin Police Officer as part of a routine traffic stop. It also goes contested that this traffic stop was substantially similar to all others for traffic violations. The State argues that a motorist is not seized for Fourth Amendment purposes when they are pulled over for speeding. With that said, the State is essentially raising the position that a motorist is free to disregard a police officer who is attempting to pull him over and can depart the traffic stop at any time without being released. This position conflicts and raises serious enforceability issues to Sections 38.04 and 38.06 of the Texas Penal Code which pose a duty to stop when a police officer is attempting to pull him over and to remain there until discharged.

Mr. Davis wholeheartedly disagrees with the State's implicit argument. Mr. Davis raises the issue because the State failed to expressly state that it was challenging a state statute. If the Court sided with the State on the suppression issue, it would render Sections 38.04 and 38.06 of

7

the Texas Penal Code unenforceable as applied to police traffic stops.

## PRAYER

Mr. Davis has proven that his conviction was obtained in violation of the United States Constitution and that this Court has jurisdiction to hear this grievance. As such, this Court must either reverse Mr. Davis' conviction and remand it to the trial court or vacate the conviction.


Respectfully Submitted,


David Mark Davis II
905 N. Loop 499, Apt 525
Harlingen, Texas  78550
(936) 238-8507
dmarkdavis2@gmail.com


## CERTIFICATE'S OF SERVICE

I certify that a copy of **this brief** was served on the State through Counsel of Record by email to ejones@angelinacounty.net, on **September 1, 2015, before 5:00 p.m.** local time of the recipient.


David Mark Davis II
Relator, Pro Se

## Certificate of Word Count

Relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this reply (excluding any caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix) is 2,066.

David Mark Davis II
Appellant, *Pro Se*